IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:11-CV-00013-WTM-GRS |
| | ) |
| CONGAREE STATE BANK, THE | ) |
| DEGENHART LAW FIRM, PAUL | ) |
| DEGENHART and MARY NELL | ) |
| DEGENHART, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED ANSWER AND CROSS-CLAIM OF CONGAREE STATE BANK

COMES NOW Defendant Congaree State Bank ("CSB" or the "Bank"), by and through its attorneys, and pursuant to Federal Rule of Civil Procedure 15 hereby amends its Answer as follows:

Pursuant to Federal Rule Civil Procedure 13(g), Congaree State Bank adds the following Cross Claim against Defendants The Degenhart Law Firm, Paul Degenhart, and Mary Nell Degenhart:

### PARTIES, JURISDICTION, AND VENUE

1. CSB admits the allegations set forth in Paragraph 1 of the Complaint.

2. CSB admits the allegations set forth in Paragraph 2 of the Complaint.

3. CSB admits the allegations set forth in Paragraph 3 of the Complaint.

4. CSB admits the allegations set forth in Paragraph 4 of the Complaint.

5. CSB admits the allegations set forth in Paragraph 5 of the Complaint.

6. CSB denies the allegations set forth in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7. CSB admits the allegations set forth in Paragraph 7 of the Complaint.

8. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint.

   a. In response to the allegations set forth in Paragraph 10(a) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit A speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(a) of the Complaint that does not strictly conform to the language of such document.

   b. In response to the allegations set forth in Paragraph 10(b) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit B speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(b) of the Complaint that does not strictly conform to the language of such document.

   c. In response to the allegations set forth in Paragraph 10(c) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit C speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(c) of the Complaint that does not strictly conform to the language of such document.

      d.     In response to the allegations set forth in Paragraph 10(d) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit D speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(d) of the Complaint that does not strictly conform to the language of such document.

      e.     In response to the allegations set forth in Paragraph 10(e) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit E speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(e) of the Complaint that does not strictly conform to the language of such document.

      f.     In response to the allegations set forth in Paragraph 10(f) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit F speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(f) of the Complaint that does not strictly conform to the language of such document.

      g.     In response to the allegations set forth in Paragraph 10(g) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit G speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(g) of the Complaint that does not strictly conform to the language of such document.

      h.     In response to the allegations set forth in Paragraph 10(h) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit H speaks for itself. CSB accordingly denies each and every allegations set forth

in Paragraph 10(h) of the Complaint that does not strictly conform to the language of such document.

        i.        In response to the allegations set forth in Paragraph 10(i) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit I speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(i) of the Complaint that does not strictly conform to the language of such document.

        j.        In response to the allegations set forth in Paragraph 10(j) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit J speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(j) of the Complaint that does not strictly conform to the language of such document.

        k.        In response to the allegations set forth in Paragraph 10(k) of the Complaint, CSB responds that the document referenced and attached to the Complaint as Exhibit K speaks for itself. CSB accordingly denies each and every allegations set forth in Paragraph 10(k) of the Complaint that does not strictly conform to the language of such document.

11.    CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 of the Complaint.

12.    In response to the allegations set forth in Paragraph 12 of the Complaint, CSB admits that The Degenhart Law Firm closed the loans dated July 1, 2008, and August 22, 2008, between CSB and MND. CSB lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 12 of the Complaint.

13. In response to the allegations set forth in Paragraph 13 of the Complaint, CSB admits that in September or October 2010, Plaintiff informed a representative of CSB that he believed that his name may have been forged on certain loan documents. Further responding, CSB shows that its representative asked Plaintiff whether he was willing to sign an affidavit of forgery to that effect; that Plaintiff responded yes, he would do whatever he had to in order to protect his assets; and that the Bank's representative advised Plaintiff that until it received the affidavit of forgery and appropriate supporting documentation, it would treat the signed loan documents as valid and binding. CSB denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. In response to the allegations set forth in Paragraph 14 of the Complaint, CSB admits that in spite of the conversation described in its answer to Paragraph 13 of the Complaint, as well as subsequent conversations between a CSB representative and an attorney for Plaintiff, and between the Bank's outside counsel and an attorney for Plaintiff, Plaintiff never provided CSB with an affidavit of forgery or appropriate supporting documentation. CSB denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15. CSB denies the allegations set forth in Paragraph 15 of the Complaint.

    a. CSB denies the allegations set forth in Paragraph 15(a) of the Complaint.

    b. CSB denies the allegations set forth in Paragraph 15(b) of the Complaint.

    c. CSB denies the allegations set forth in Paragraph 15(c) of the Complaint.

## CAUSES OF ACTION

### COUNT I – BREACH OF DUTY

16. CSB incorporates by reference its responses to Paragraphs 1 through 15 of the Complaint as though fully set forth herein.

17. CSB admits the allegations set forth in Paragraph 17 of the Complaint.

18. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. CSB denies the allegations set forth in Paragraph 20 of the Complaint.

21. In response to the allegations set forth in Paragraph 21 of the Complaint, CSB admits that in early 2010, upon the default of the loans that are the subject of the Complaint, it sent demand letters to both guarantors and to the borrower. Further responding, upon receipt of this demand letter, Plaintiff did not inform CSB that his signature was allegedly forged to the loan documents at that time, but rather he proceeded to wire the Bank approximately $21,000 from his personal bank account to bring the loan current. CSB denies the remaining allegations set forth in Paragraph 21 of the Complaint.

## COUNT II – CLAIM FOR DECLARATORY JUDGMENT

22. CSB incorporates by reference its responses to Paragraphs 1 through 21 of the Complaint as though fully set forth herein.

23. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. CSB lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. CSB denies the allegations set forth in Paragraph 25 of the Complaint.

26. CSB admits the allegations set forth in Paragraph 26 of the Complaint.

27. CSB denies the allegations set forth in Paragraph 27 of the Complaint.

28.     CSB denies the allegations set forth in Paragraph 28 of the Complaint.

It appears that the "WHEREFORE" paragraph following Paragraph 28 of the Complaint is in the nature of a prayer and that no response is necessary. However, to the extent that a response is necessary, CSB denies that Plaintiff is entitled to the relief, remedies or damages set forth in this paragraph or to any other damages or relief whatsoever from CSB.

CSB denies each and every averment of the Complaint not heretofore answered, qualified or denied as though set forth specifically and denied, and denies that it is liable for any of the damages and/or relief sought by Plaintiff.

Further responding to the Complaint, CSB raises the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint is barred for lack of subject-matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred for lack of personal jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

The Complaint is barred for improper venue.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred for insufficient service of process.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred for failure to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of forum non conveniens.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of fraud.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred on the grounds that Plaintiff may have failed to mitigate his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of ratification.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of acquiescence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

CSB reserves the right to assert any additional affirmative defenses allowed by the Federal Rules of Civil Procedure depending upon any evidence discovered in its defense of the Complaint.

## FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE AND BY WAY OF CROSS-CLAIM

1. Defendant and Cross-Claimant CSB incorporates the foregoing Paragraphs of its Amended Answer and Cross-Claim as if repeated verbatim herein.

2. Defendant and Cross-Claimant CSB is a banking corporation organized and existing under and pursuant to the laws of the State of South Carolina.

3. Upon information and belief, Cross-Defendant The Degenhart Law Firm is a professional association organized and existing under the laws of South Carolina, with its principal place of business located at 2131 Park Street, Columbia, South Carolina, 29201.

4. Upon information and belief, Cross-Defendant Paul Degenhart is a citizen and resident of the State of South Carolina.

5. Upon information and belief, Cross-Defendant Mary Nell Degenhart is a citizen and resident of the State of South Carolina.

6. Upon information and belief, jurisdiction is proper in this Court. Although South Carolina is a more appropriate venue, for purposes of these cross-claims, they may be stated at this juncture in this venue.

## FOR A FIRST CROSS-CLAIM
### (Indemnity Against Defendants The Degenhart Law Firm, Paul Degenhart and Mary Nell Degenhart)

7. Defendant and Cross-Claimant CSB reasserts and incorporates by reference the allegations in the preceding paragraphs of its Amended Answer and Cross-Claim.

8. In his Complaint, Plaintiff William Degenhart alleges that he was damaged when his name or representations of his signature were improperly affixed to certain loan documents, including promissory notes and debt deeds, which purportedly secured loans made by Congaree State Bank to MND Properties, LLC. Plaintiff alleges that Defendants Paul Degenhart and Mary

Nell Degenhart were "principals" of MND Properties, LLC. In addition, Plaintiff contends that some of the loan transactions at issue were closed by Defendant The Degenhart Law Firm and that Defendants Mary Degenhart and Paul Degenhart practice law with The Degenhart Law Firm.

9. If Plaintiff sustained damages from the alleged forgeries and/or misrepresentations as set forth in his Complaint, through any fault other than his own, said damages arose as a result of the wrongdoing, negligence, fault, or other breach of duty of Cross-Defendants The Degenhart Law Firm, Paul Degenhart and Mary Nell Degenhart and not CSB. If any judgment is recovered by Plaintiff against CSB, then CSB will be damaged thereby and will be entitled to indemnity and should have judgment over and against Cross-Defendants The Degenhart Law Firm, Paul Degenhart and Mary Nell Degenhart in the same amount.

## FOR A SECOND CROSS-CLAIM
### (Unjust Enrichment Against Defendants The Degenhart Law Firm, Paul Degenhart and Mary Nell Degenhart)

10. Defendant and Cross-Claimant CSB reasserts and incorporates by reference the allegations in the preceding paragraphs of its Amended Answer and Cross-Claim.

11. Cross-Defendants Mary Nell Degenhart and Paul Degenhart have received benefit under the terms of the mortgage loans made to MND Properties, LLC, including but not limited to, the money loaned and advanced that has allowed MND Properties, LLC and Cross-Defendants Mary Nell Degenhart and Paul Degenhart to purchase and/or remain in possession of property.

12. Cross-Defendants Mary Nell Degenhart and Paul Degenhart have been unjustly enriched from the purchase and retention of this property.

13. To the extent that Cross Defendants Mary Nell Degenhart and Paul Degenhart improperly received or benefitted from loan proceeds disbursed to MND Properties, LLC, it would be inequitable for the Cross-Defendants to retain this benefit.

14. CSB is therefore entitled to equitable relief to ensure it is compensated for the money loaned and advanced that has allowed MND Properties, LLC and Cross-Defendants Mary Nell Degenhart and Paul Degenhart to purchase and/or remain in possession of property.

## POTENTIAL UNMATURED CLAIMS

15. Pursuant to Rule 13 of the Federal Rules of Civil Procedure, CSB expressly reserves any and all counterclaims or crossclaims that may mature or be acquired at a later time.

## PRAYER FOR RELIEF

WHEREFORE, having fully responded to the allegations of Plaintiff's Complaint, setting forth cross-claims against Defendants Mary Nell Degenhart and Paul Degenhart herein, CSB respectfully requests that the Complaint be dismissed with prejudice, that judgment on CSB's cross-claims be entered against Cross-Defendants Mary Nell Degenhart and Paul Degenhart, that the Court award CSB its attorneys' fees and costs in this action, and for such other and further relief the Court may deem just and proper.

Respectfully submitted this 6th day of May, 2011.

/s Taylor T. Daly, Esq.
Georgia Bar No. 697887
Attorney for Congaree State Bank
NELSON MULLINS RILEY & SCARBOROUGH LLP
Atlantic Station / 201 17th Street, NW / Suite 1700
Atlanta, GA 30363
(404) 322-6000
E-Mail: taylor.daly@nelsonmullins.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing Second Amended Answer and Cross-Claim of Congaree State Bank by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

>Brent J. Savage
>Savage, Turner, Kraeuter, Pinckney, Britt & Madison
>P.O. Box 10600
>Savannah, GA 31412
>
>J. Jakob Kennedy
>Turner Padget Graham & Laney, P.A.
>1831 West Evans Street, 4th Floor
>Florence, SC 29501
>
>Paul Degenhart
>2131 Park Street
>Columbia, SC 29201
>
>Mary Nell Degenhart
>2131 Park Street
>Columbia, SC 29201

This 6th day of May, 2011.

>/s Taylor T. Daly, Esq.
>Georgia Bar No. 697887
>Attorney for Congaree State Bank
>NELSON MULLINS RILEY & SCARBOROUGH LLP
>Atlantic Station / 201 17th Street, NW / Suite 1700
>Atlanta, GA 30363
>(404) 322-6000
>E-Mail: taylor.daly@nelsonmullins.com