IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., | ) |
|                Plaintiff, | ) |
| v. | ) CASE NO. 4:11-CV-00013 |
| CONGAREE STATE BANK, THE DEGENHART LAW FIRM, PAUL DEGENHART and MARY NELL DEGENHART, | ) |
|                Defendants. | ) |

## PROTECTIVE ORDER

Upon Consent Motion of, and pursuant to the stipulation of the parties, and based on its independent review, the Court deems it appropriate to limit disclosure of certain documents, testimony, and other information to be disclosed or produced in this litigation by the Parties as set forth below, that contain confidential commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such documents and information, the parties to this action have stipulated and agreed to give effect to the requirements set forth below. Therefore,

**IT IS HEREBY ORDERED THAT**:

1. A party producing documents or serving written discovery responses that the producing party contends contain confidential commercial information ("Confidential Information") shall mark such documents, or a portion thereof, with the word "Confidential."

2. If Confidential Information is used or marked as an exhibit in a deposition, or if deposition questions, testimony, or colloquy discloses Confidential Information, counsel for any party claiming confidentiality for the Confidential Information shall inform the court reporter and counsel for the other parties of the claim of confidentiality either contemporaneously on the record during the deposition or in writing within 30 days after having received a copy of the deposition transcript. In addition, any other person claiming that any information disclosed in the deposition is Confidential Information may so inform the court reporter and counsel for all parties in the same manner and within the same time period. Each transcript and all testimony designated as Confidential shall be treated as Confidential Information, pursuant to the terms of this Order, except as otherwise agreed in writing by each party claiming confidentiality or as otherwise ordered by the Court.

3. The designation of material as "Confidential" shall be made by placing or affixing on the first page of the material or on each page of the material, in a manner that will not interfere with the material's legibility, the word "Confidential."

4. Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated orally, in writing, or otherwise, by the parties, their counsel, or any of their representatives, agents, expert witnesses, or consultants, for any purpose whatsoever, other than as required by the parties and their counsel for the preparation and trial of this action. Access to Confidential Information shall be limited to those persons designated as "Qualified Persons" in paragraph 5 below.

5. Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

    a. the parties and their officers, directors, employees, and agents;

     b.     counsel of record for the parties and employees and agents of such counsel who are assisting such counsel in the preparation or trial of this action;

     c.     any witnesses and all experts and consultants retained by the parties whose assistance is necessary for the litigation of this action;

     d.     the Court and the Court's employees and staff in this case;

     e.     by Order of the Court; and

     f.     any person expressly named and agreed to in writing by the parties.

6.     Before being given access to Confidential Information, each Qualified Person (other than counsel of record, the Court, and the officers, directors, employees, and agents of the party that produced the Confidential Information) shall be advised of the terms of this Order and shall agree to be bound by the terms of this Order and to be subject to the jurisdiction of this Court for the purposes of any proceeding relating to the performance under, compliance with, or violation of this Order. Counsel for each party shall maintain a list of all Qualified Persons to whom they or their client have provided any Confidential Information, and that list shall be available for inspection by the Court. In addition, each of the parties and their attorneys expressly stipulate to be subject to the personal jurisdiction of this Court for purposes of any proceeding brought by a party to this action to enforce this Order.

7.     Except to the extent otherwise permitted by this Order, every Qualified Person provided copies of or access to Confidential Information pursuant to this Order shall keep all such materials and information, and any copies, notes, extracts, summaries, or descriptions of such material, within their exclusive possession and control, shall treat all such copies, notes, extracts, summaries, or descriptions of the Confidential Information or any portion thereof as

Confidential, shall take all necessary and prudent measures to maintain the confidentiality of all such materials or information, and shall not disseminate such Confidential Information.

8.  Promptly after the termination of this action by entry of a final judgment or order of dismissal, all materials containing Confidential Information shall be returned to counsel for the party who produced those materials or shall be destroyed, with the exception that counsel of record may retain one copy of each deposition transcript designated as Confidential Information, subject to the ongoing confidentiality obligations imposed herein. If material containing Confidential Information is destroyed, rather than returned, counsel of record shall promptly provide to opposing counsel of record written confirmation that all materials containing such Confidential Information have been destroyed.

9.  After the termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. The terms of this Order constitute, and shall be deemed to be, an enforceable agreement between the parties (and their agents and attorneys, to the extent permitted by the Rules of Professional Conduct in this jurisdiction), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

10. This Order does not constitute a waiver of any party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential commercial information; nor does it constitute an admission or representation by any party that any document or information designated as Confidential is in fact a trade secret or contains confidential commercial information; nor does it constitute a waiver of any party's right to challenge the confidentiality of any redaction or designation.

- 5 -

11.    The entry of this Order shall be without prejudice to the rights of the parties, or of any non-party, to assert or apply for additional or different protection.

12.    If a party inadvertently produces Confidential Information without the required "Confidential" legend, the producing party shall, within five business days of discovering the inadvertent omission, inform the receiving party in writing of the inadvertent omission and the specific material at issue. Upon receipt of such notice, the receiving party shall treat the material identified in the notice as Confidential until (a) the parties agree to non-confidential treatment of the subject material, or (b) the Court, on motion of either party made within ten (10) days of the date of the written notice regarding inadvertent omission, issues an order addressing the appropriate treatment of the subject material. A party shall not be deemed to have waived any right to designate material as "Confidential" by allowing inspection of such material prior to a designation of such material as "Confidential" or by inadvertently failing to mark a document as "Confidential" prior to its disclosure.

13.    If a party contends that any document has been erroneously or improperly designated Confidential, it shall nevertheless treat the document as Confidential until either (a) that party obtains from the designating party written permission to do otherwise, or (b) this Court enters an order stating that the document shall not be treated as Confidential Information.

14.    A party may challenge the designation of a document or other material as Confidential only as follows:

    a.    If a party believes that material designated by another as Confidential has not been properly so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to that material under this Order, that party (the "challenging party") shall provide to the designating party written notice of that

disagreement, stating the reason(s) for the challenge. During the 10-day period following service of the written challenge on the designating party (the "Meet and Confer Period"), the challenging and designating parties shall first try to dispose of such challenge in good faith on an informal basis.

      b.     If neither the designation nor the objection is withdrawn during the Meet and Confer Period, the designating party shall have 30 days from the receipt of the written challenge notice to apply to the Court for an order designating the material as Confidential. The designating party bears the burden of establishing that the material is entitled to protection as Confidential Information. Any material that is designated as Confidential Information that is the subject of a challenge shall remain subject to this Protective Order until the Court rules on the designating party's motion or, if no motion is made, until the time for the designating party to bring a motion has expired.

IT IS SO ORDERED.

Dated: 9/13/11

                                                        UNITED STATES MAGISTRATE JUDGE
                                                        SOUTHERN DISTRICT of GEORGIA