IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISON

FILED
U.S. DISTRICT COURT
S...
2011 OCT 28 PM 3:51
CLERK [signature] Moore

| | |
|---|---|
| WILLIAM DEGENHART, M.D. ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| ) | Civil Action No. 4:11-CV-00013 |
| V. ) | |
| ) | |
| CONGAREE STATE BANK, THE DEGENHART ) | |
| LAW FIRM, PAUL DEGENHART AND ) | |
| MARY NELL DEGENHART, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

## MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Defendant Mary Nell Degenhart (sometimes referred to as "the Defendant") moves the Court for Summary Judgment on the Breach of Duty claim against her under Federal Rule of Civil Procedure 56(c).

### MEMORANDUM OF LAW

**I.   Statement of Facts**

Plaintiff William Degenhart filed this action in the Superior Court of Chatham County. The case was moved to this Court.

Plaintiff bases this action on allegations that defendants Paul Degenhart, Mary Nell Degenhart and Degenhart Law Firm (collectively the "Degenhart Defendants") improperly signed his name to a guaranty and a promissory note in favor of Congaree State Bank (the"Bank"). These loan documents related to loans the Bank made to MND

1

Properties, LLC of which Plaintiff incorrectly alleges Defendants Paul and Mary Nell Degenhart are "principals".

Plaintiff has brought a Breach of Duty claim against Defendant alleging professional malpractice under O.C.G.A Section 9-11-9.1. Because all of the operative events—such as the closings – occurred in South Carolina, that state's laws apply.[1] In South Carolina, in order to prevail in a cause of action for legal malpractice, the plaintiff must prove: (1) the existence of an attorney-client relationship; (2) a breach of duty by the attorney; (3) damage to the client; and (4) proximate cause of the client's damages by the breach. Rydde v. Morris, 382 S.C. 643, 675 S.E.2d 431, 433 (2009). " In South Carolina, attorneys are required to render services with the degree of skill, care, knowledge, and judgment, and judgment usually possessed and exercised by members of the profession." Holy Loch Distribs., Inc. v. Hitchcock, 340 S.C. 20, 26, 531 S.E.2d, 285 (2000), and" [t]he standard to be applied in determining legal malpractice issues is statewide, "Smith v. Haynsworth, Marion, McKay Geurard, 322 S.C. 433, 437-438, 472 S.E.2d 612, 614 (1996). Finally, generally, a plaintiff, a plaintiff in a legal malpractice action must establish this standard of care by expert testimony. Id. At 435, 472 W.E.2d at 613.

In this matter Plaintiff has testified on two occasions that no attorney- client relationship existed. (See excerpts from Exh. B, Plaintiff Deposition testimony at Pages 123 and 179 respectively). See also Affidavit of MaryNell Degenhart attached, Exh. A at

---

[1] A federal court sitting in diversity applies the substantive laws of the forum state, including the state's choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); O"Neal v. Kennamer, 958 F.2d 1044 (11th Cir. 1992). In tort cases, Georgia follows the traditional lex loci delicti rule: a tort action is governed by the laws of the state in which the tort occurred. Federal Ins. Co. v. National Distrib. Co., 203 Ga. App 763 (1992). Because the alleged tort occurred in South Carolina, the laws of South Carolina will determine the substantive rights of the parties in this case. Davis v. City of August, 942 F. Supp 577, 579 (S.D. Ga 1996). The loan documents attached to the Complaint both provide that South Carolina law governs them.

Para. 4.where she states that no attorney client relationship existed. Moreover, Plaintiff, except for an Affidavit attached to his original complaint has not informed the Court of any Expert testimony. See also, Southeastern Housing Foundation v. Smith, 380 S.C. 621, 670 S.E.2d 680 (S.C.App. 2008) where the Court held that "the standard of care for legal malpractice is outside the ambit of common knowledge of laypersons and the failure to present this [expert testimony] evidence precludes ... the legal malpractice claim". These factors, or either of them, are fatal to Plaintiffs case against this Defendant.

Federal Rule of Civil Procedure 56(c) provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. "Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Facts are "material" if they could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court must view the facts in light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and must draw "all justifiable inferences in his favor." United States v. Four Parcels of Real Prop., 941 F.2d 1428 as cited in Sprinkle v. City of Douglas, G.A., 621 F. Supp. 2d 1327 (S.D. Ga., 2008) . The facts of this case are clear. As stated by Plaintiff himself no attorney-client relationship existed.

## CONCLUSION

Because the Plaintiff's case viewed in the light most favorable to him, is insufficient to establish all the requisite elements of his claim, this Defendant is entitled to Summary Judgment.

Mary Nell Degenhart
2131 Park St.
Columbia, SC  29201
803-771-6050

4

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| William Degenhart, M.D., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Congaree State Bank, The Degenhart )<br>Law Firm, Paul Degenhart )<br>and MaryNell Degenhart, )<br>)<br>Defendants. )<br>_____) | Case No. 4:11-CV-00013 |

## AFFIDAVIT OF MARY NELL DEGENHART

Personally before the undersigned officer, who is duly authorized to administer oaths, appeared Mary Nell Degenhart who, upon being duly sworn, deposes and says as follows:

1. I am Mary Nell Degenhart, and I am a resident of the County of Richland and the State of South Carolina.

2. I am a South Carolina licensed attorney.

3. I was the sole member of Degenhart Law Firm, P.A.

4. Neither Mary Nell Degenhart nor Degenhart Law Firm, P.A. was engaged to perform, and in fact did not perform, legal services for the Plaintiff in connection with the matters subject of this litigation.

FURTHER AFFIANT SAYETH NOT.

_____
Mary Nell Degenhart, Defendant, Pro Se
2131 Park Street

1

Columbia, SC 29201
803-771-6050

Sworn to and Subscribed before me
Donna Glenn Insley, Notary Public in and
for the State of South Carolina
this 27th day of October, 2011

*[signature: Donna Glenn Insley]*
My commission expires
12/3/2017

**EXHIBIT B**

William J. Degenhart, M.D.                                September 21, 2011

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM DEGENHART, M.D.,           )
                                   )
            Plaintiff,             )
                                   ) CASE FILE NO.:
       vs.                         )
                                   ) 4:11-CV-00013-WTM-GRS
CONGAREE STATE BANK, THE           )
DEGENHART LAW FIRM, PAUL           )
DEGENHART and MARY NELL            )
DEGENHART,                         )
                                   )
            Defendants.            )

DEPOSITION OF

WILLIAM J. DEGENHART, M.D.

September 21, 2011

2:14 p.m.

Savage, Turner, Kraeuter, Pinckney & Madison
304 East Bay Street
Savannah, Georgia

Lisa J. Schoch, Certified Court Reporter, B-1761



Toll Free: 877.495.0777
Facsimile: 404.495.0766

311 B West York Street
Savannah, GA 31401
www.esquiresolutions.com

William J. Degenhart, M.D.                September 21, 2011

123

1        THE WITNESS: Paul represented me on
2    transactions before, yes. At one time he wrote
3    my will.
4    Q.    (By Mr. Kennedy) All right. My original
5  question was: With respect to the loans made by
6  Congaree State Bank to MND Properties, L.L.C., did
7  you consider yourself a client of the law firm?
8        MR. SAVAGE: No.
9        THE WITNESS: Calls for a legal opinion
10   that I don't think I can give.
11   Q.    (By Mr. Kennedy) All right. You're an
12  ophthalmologist, correct?
13   A.    I am.
14   Q.    Can a patient be your patient without
15  thinking they're your patient, without consenting to
16  your treatment, absent emergency circumstances?
17       MR. SAVAGE: Jake, we'll stipulate that he
18   was not a client -- he did not consider himself
19   to be a client of the Degenhart Law Firm for the
20   closings that he didn't know about, the MND
21   closings.
22   Q.    (By Mr. Kennedy) Very good.
23       I do want to follow up on --
24  Dr. Degenhart, in a couple of depositions now or your
25  two depositions, and, of course, your lawyer,



ESQUIRE
an Alexander Gallo Company

Toll Free: 877.495.0777
Facsimile: 404.495.0766

311 B West York Street
Savannah, GA 31401
www.esquiresolutions.com

Dr. William Degenhart
August 5, 2011

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM DEGENHART, M.D.,            )
                                    ) CIVIL ACTION NO.
            Plaintiff,              )
                                    ) 4:11-CV-041
      vs.                           )
                                    )
ARTHUR STATE BANK, THE DEGENHART    )
LAW FIRM, PAUL DEGENHART AND MARY   )
NELL DEGENHART,                     )
                                    )
            Defendants.             )
_____)


DEPOSITION OF

WILLIAM DEGENHART, M.D.

August 5, 2011

1:03 p.m.

2 East Bryan Street
Savannah, Georgia

Thomas J. Dorsey, RPR, CCR-2781

Dr. William Degenhart
August 5, 2011

Page 178

1  the lawsuit.
2  Q.  (By Mr. Kennedy) Okay. Well, what
3  documents, Dr. Degenhart, do you allege you did not
4  sign in relationship to the loans made from Arthur
5  State Bank to --
6      MR. SAVAGE: No. We can't do this -- we
7  can't do this by phone. I mean, just come on
8  down. We did all this. We're happy to make him
9  available. Just come on down.
10     THE WITNESS: Probably 30 of them.
11     MR. SAVAGE: Yeah, I mean, it's hard. We
12 can't do this, Jake.
13     MR. KENNEDY: All right. Well, let's --
14 I'll ask you a different question if we can't do
15 that one.
16     MR. SAVAGE: Well, I mean, we did it.
17     MR. KENNEDY: Well, that's fine, Brent.
18     MR. SAVAGE: Well, don't get testy.
19     MR. KENNEDY: I'm asking another question.
20     MR. SAVAGE: Don't get testy.
21     MR. KENNEDY: All right. I want to get
22 out of here too. I know you do.
23     MR. SAVAGE: I do, but, I mean -- go
24 ahead.
25 Q.  (By Mr. Kennedy) Dr. Degenhart, with

Page 179

1  regard to the loan transactions between Arthur State
2  Bank and MND Properties, do you think you were a
3  client of the law firm?
4  A.  Do I think I was a client of the law firm?
5  Q.  Yes, sir.
6  A.  Representation on these notes? No.
7  Q.  Were you a client of the Degenhart Law
8  Firm?
9      MR. SAVAGE: He's answered your question.
10 He's answered your question no.
11     MR. KENNEDY: That's not in here, no.
12     MR. SAVAGE: Well, that's because you're
13 doing it on the cheap end. You're too far away.
14     MR. KENNEDY: Okay.
15 Q.  (By Mr. Kennedy) Dr. Degenhart, with
16 regard to the loan transactions that are the subject
17 of this lawsuit, did you consider yourself a client
18 of the Degenhart Law Firm?
19 A.  With respect to these loans, I did not
20 consider myself a client of the Degenhart Law Firm.
21 Q.  Dr. Degenhart, do you know if the
22 Degenhart Law Firm is an active entity?
23 A.  Well, I think we just got some
24 interrogatories back saying that they were no longer
25 an active entity.

Page 180

1  Q.  Do you know if the Degenhart Law Firm has
2  any assets?
3  A.  I have no idea.
4  Q.  Do you know if the Degenhart Law Firm has
5  any error and omission or malpractice coverage for
6  this lawsuit?
7  A.  I don't believe that they do.
8      MR. KENNEDY: Dr. Degenhart, I have no
9  further questions for you.
10     THE WITNESS: Okay.
11     MR. SAVAGE: All right, sir.
12     MR. PAINTER: Do you have any,
13 Mr. Degenhart?
14     MR. P. DEGENHART: I do not.
15     MR. PAINTER: The deposition is over.
16     (Deposition concluded at 6:19 p.m.)
17     (Pursuant to Rule 30(e) of the Federal
18 Rules of Civil Procedure and/or O.C.G.A. 9-11-30(e),
19 signature of the witness has been reserved.)

Page 181

CERTIFICATE

STATE OF GEORGIA:
COUNTY OF EFFINGHAM:

I hereby certify that the foregoing
transcript was taken down, as stated in the
caption, and the questions and answers thereto
were reduced to typewriting under my direction;
that the foregoing pages 1 through 180 represent
a true, complete, and correct transcript of the
evidence given upon said hearing, and I further
certify that I am not of kin or counsel to the
parties in the case; am not in the regular
employ of counsel for any of said parties; nor
am I in anywise interested in the result of said
case.
    This, the 8th day of August, 2011.


                THOMAS J. DORSEY, Certified
                Court Reporter, 2781

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing Motion for Summary Judgment on all parties in this case in accordance with the directions from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Brent J. Savage
Savage, Turner, Kraeuter, Pinckney, Britt & Maddison
P.O. Box 10600
Savannah, GA 31412

Taylor T. Daly, Esq.
Nelson Mullins Riley & Scarborough, LLP
Atlantic Station/ 201 17th Street, NW/ Suite 1700
Atlanta, GA 30363

Jacob Kennedy
Turner Padget Graham & Laney
1831 West Evans Street
Florence, SC 29201

Paul Degenhart
2131 Park Street
Columbia, SC 29201

This 28 day of October, 2011.

Mary Nell Degenhart, Pro Se
2131 Park Street
Columbia, SC 29201
(803)771-6050