IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

William Degenhart, M.D.,                )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )    Case No.  4:11-CV-00013
                                        )
Congaree State Bank,                    )
The Degenhart Law Firm,                 )
Paul Degenhart and MaryNell             )
Degenhart,                              )
                                        )
                    Defendants.         )
_____)

## MOTIONS TO DISMISS AND , IN THE ALTERNATIVE, TO TRANSFER AND MEMORANDUM OF LAW

Defendant Mary Nell Degenhart (referred to as "Defendant") moves the Court under Federal Rule of Civil Procedure 12(b) to dismiss her from this action due to lack of jurisdiction over her person, improper venue, and insufficiency of service of process. If the Court finds that jurisdiction and venue are proper, this Defendant moves the Court in the alternative to transfer this action to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §1404. Defendant is simultaneously filing a Motion for Summary Judgment under Federal Rule of Civil Procedure 56(c).

In support of this motion to dismiss under Fed. R. Civ. P. 12(b)(2), (3) and (5) and the alternative motion to transfer, Defendant attaches hereto as Exhibit B the Affidavit of Mary Nell Degenhart.

<u>MEMORANDUM OF LAW</u>

**I.     Statement of Facts**

Plaintiff William Degenhart filed this action in the Superior Court of Chatham County.  The case was moved to this Court.

Plaintiff bases this action on allegations that defendants Paul Degenhart, Mary Nell Degenhart and Degenhart Law Firm (collectively the "Degenhart Defendants") improperly signed his name to a guaranty and a promissory note in favor of Congaree State Bank (the"Bank"). These loan documents related to loans the Bank made to MND Properties, LLC of which Plaintiff incorrectly alleges Defendants Paul and Mary Nell Degenhart are "principals". [Doc. #1, Exh. A,¶ 8].

The affidavit of Mary Nell Degenhart, is attached hereto as Exhibit B.  Mary Nell Degenhart testifies in the affidavit that Mary Nell Degenhart has not done business in the State of Georgia, owns no property in the State of Georgia, and, except for one social visit, she has not even been in the State of Georgia for over four (4) years. . [Defendant Aff., ¶ 7,8 & 9].

**II.     Mary Nell Degenhart Should Be Dismissed From This Action Under Fed. R. Civ. P. 12(b)(2) Because This Court:  Lacks Jurisdiction Over Her Person.**

Plaintiff's Complaint does not say on what ground Plaintiff contends a Georgia court has jurisdiction over the person of this Defendant.  The Complaint only recites that Mary Nell Degenhart is an attorney licensed to practice law in South Carolina [Doc. #1, Exh. A¶ 5]. The only reference to jurisdiction is in paragraph 6 of the Complaint, which says:

"Defendants have committed tortuous acts, some within this state, which have caused

2

injury to the Plaintiff.  Jurisdiction and venue are proper in this Court." [Doc. #1, Exh. A. ¶ 6].

As the Complaint acknowledges, Mary Nell Degenhart is a nonresident of Georgia [Doc. 1, Exh. A, ¶ 5].  Plaintiff apparently is basing jurisdiction under Georgia's long-arm statute, O.C.G.A. § 9-10-91.

The Eleventh Circuit held in *Diamond Crystal Brands, Inc. v. Food Movers International, Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010), that in analyzing a challenge to long-arm jurisdiction a court must find that jurisdiction passes muster on two points.  First, the court must find that the literal terms of the long arm statute apply.  Second, the court must conduct a constitutional due process analysis that requires there be "certain minimal contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id. at 1267* (quoting *Helicopteros Nacionales de Colombia S.A. v. Hall* , 466 U.S. 408, 414 (1984) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  When jurisdiction is based on "specific jurisdiction," as this one only could be, a defendant's connection with the forum state passes the constitutional test only if the defendant's connection with the forum state is such that the defendant should reasonably anticipate being hailed into court there, a requirement met if the defendant "has purposefully directed his activities at residents of the forum...."*Burger King Corp. v Rudzewicz*, 471 U.S. 462, 472-73. (1985).

Georgia's long-arm statute provides in pertinent part:

A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a *cause of action arising from any of the acts,*

3

*omissions, ownership, use, or possession enumerated in this Code section*, in the same

manner as if he or she were a resident of this state, if in person or through an agent, he or

she:

    (1) Transacts any business within this state;

    (2) Commits a tortuous act or omission within this state, except as to a cause of

    action for defamation of character arising from the act.

    (3) Commits a tortuous injury in this state caused by an act or omission outside

    this state if the tort-feasor regularly does or solicits business, or engages in any

    other persistent course of conduct, or derives substantial revenue from goods used

    or consumed or services rendered in this state.

    O.C.G.A § 9-10-91(emphasis and italics added).

      Mary Nell Degenhart will analyze the various subsections of the long arm statute below

and show that she is not subject to personal jurisdiction under the statute.  The Defendant has not

transacted business in Georgia, has not committed a tort in Georgia, has not committed a tortuous

injury in Georgia caused by act or omission outside this state, and does not do or solicit business

in Georgia, engage in any other persistent course of conduct in Georgia, or derive substantial, in

fact any, revenue from goods used or consumed or services rendered in this state. [Defendant

Aff., ¶ 4,5,6&8].  As also will be shown below, even if the long arm statute applies, asserting

jurisdiction over the Defendant does not pass the constitutional test.

    A.    <u>O.C.G.A. § 9-10-91(1) Does Not Afford Jurisdiction.</u>

    Subsection (1) of the long-arm statute provides for jurisdiction over a nonresident

defendant which "transacts any business within this state" if the cause of action arises

4

from that activity. O.C.G.A. § 9-10-91(1). As of 2005, this subsection may be used to provide jurisdiction over tort claims, *Innovative Clinical & Consulting Services, LLC v. First Nat'l Bank of Ames*, 279 Ga. 672, 675-76 (2005). In determining whether a defendant transacts business in Georgia, a court must determine if the defendant has purposefully done some act or consummated some transaction in Georgia and must examine all of a nonresident's tangible and intangible conduct and ask whether it can "fairly be said" that the nonresident has transacted any business within Georgia. *Diamond Crystal Brands*, 593 F.3d 1264.

The allegations in the Complaint do not identify any facts that would establish Defendant transacted business in Georgia. According to the Complaint, Plaintiff alleges "his name had been improperly affixed" without further statement. [Doc. #1, Exh. A, ¶ 13].

Mary Nell Degenhart's affidavit establishes that she has never been engaged by Plaintiff to provide any legal services for him. [Defendant Aff. ¶ 5]. The Complaint alleges that Defendant owed the Plaintiff "the benefit of the professional judgment, knowledge, and skill possessed by individuals authorized to practice law." [Doc. #1, Exh. A, ¶ 18], the affidavit of Defendant proves otherwise. [Defendant Aff. ¶ 4, & 5]. Deposition testimony of the Plaintiff confirmed that no attorney client relationship existed. [Exh. C, pg. 123].

The affidavit of Mary Nell Degenhart establishes that she has not transacted business in Georgia and the complaint itself shows that Plaintiff's claims do not "arise"

5

from any such transaction of business in Georgia. The Complaint reveals that this action "arises" out of loan documents executed in South Carolina on South Carolina properties on which the Plaintiff alleges his signature was affixed without his permission.

The Eleventh Circuit has recognized that "literally transacting business within Georgia remains a precondition to long-arm jurisdiction." *Diamond Crystal Brands, Inc.,* at 1291. Defendant has not transacted business in Georgia and neither of the causes of action described in the Complaint "arises" from any such transaction of business. Hence, subsection (1) does not apply.

B.    Subsections 9-10-91(2) and (3) Do Not Provide Jurisdiction

Two subsections of the long-arm statute address tortuous conduct. Subsection (2) applies when the defendant "[c]ommits a tortuous act or omission within this state...." The loans on which plaintiff bases his claims relate to documents executed in South Carolina on South Carolina properties. Pursuant to his allegation that the Degenhart Law Firm closed the loans, it does not fall within the scope of subsection (2).

Subsection (3) provides jurisdiction when the defendant "[c]ommits a tortuous injury in this state caused by an act or omission outside this state if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state...." As an initial premise, Plaintiff does not allege that he suffered an injury in Georgia. The Complaint's only reference to any injury or damage whatsoever is in paragraph 6 of the Complaint where Plaintiff alleges: "Defendants have committed tortuous acts, some within this state, which has caused injury to the Plaintiff."

6

Subsection (3) does not apply because Defendant does not regularly do or solicit

business in Georgia, engage in a persistent course of conduct in Georgia, or derive

substantial revenue from goods used or consumed or services rendered in this state.

[Defendant Aff. ¶ 4,6 & 8].

Subsections (2) and (3) of the long-arm statute do not apply.

C.     The Exercise of Personal Jurisdiction Would Not Comport With The
       Requirements of Constitutional Due Process.

Even if one of the subsections of the long-arm statute applies, the Court should still find a

lack of jurisdiction if due process requirements are not met. "In assessing the propriety of the

exercise of personal jurisdiction, courts must apply the specific limitations and requirements of

O.C.G.A. § 9-10-91 literally and **must engage in a statutory examination that is independent**

**of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the**

**jurisdictional inquiry are satisfied.** *Diamond Crystal Brands*, 593 F.3d at 1263. Hence, the

second prong of the jurisdictional inquiry is a constitutional analysis into whether asserting

jurisdiction over this South Carolina citizen comports with the requirements of the Due Process

Clause as made applicable by the Fourteenth Amendment, an analysis which focuses on

"minimum contacts." See *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

To meet the minimum contacts threshold, "the defendant must have 'purposefully

availed' itself of the privilege of conducting activities—that is, purposefully conducting

contacts—in the forum state and there must be a specific nexus between those contacts and the

litigation." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1267 (internal citations omitted). If the

plaintiff establishes such purposeful contacts, the defendant must make a "compelling case" that

7

the exercise of jurisdiction would violate traditional notions of fair play and substantial justice. *Id.*

Entering into a contract with a citizen of Georgia will not, standing alone, satisfy the minimum contacts test. *Id.* At 1268. When inspecting minimum contacts, courts must use on a "highly realistic approach" that focuses on the substance of the transaction, its prior negotiations, contemplated future consequences, the terms of the contract, and the actual course of dealing. *Id.*

In the present case, Defendant has not had sufficient minimum contacts with Georgia in connection with the contractual documents about which Plaintiff complains.

Defendant has not purposefully availed herself of the privilege of conducting business in Georgia and has not had sufficient contacts with Georgia to provide a specific nexus with the claims in this action. To subject the Defendant to jurisdiction here would thus violate the Defendant's right to Due Process.

**II.    Venue Is Not Proper In The Southern District Of Georgia, and This Defendant Should Be Dismissed Under Fed. R. Civ. P. 12(b)(3).**

Venue in this Court must be based, if at all, on 28 U.S.C. § 1391(a).[1] Under section 1391(a), venue in a diversity case lies only in:

"(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in

---

[1] There was no basis for venue in the Superior Court of Chatham County, from which this action was removed, because the long-arm statute's venue provision does not apply. See O.C.G.A. § 9-10-93.

which the action may otherwise be brought."

28 U.S.C. § 1391(a).

Subsection (1) does not apply because Defendant is not subject to personal jurisdiction in the Southern District of Georgia for the reasons described above and is not a resident of the District. See 28 U.S.C. § 1391©. Subsection (2) does not apply because the events or omissions allegedly giving rise to the claim did not occur in the Southern District of Georgia.[2] Subsection (3) does not apply because there is, in fact, a district in which the action may otherwise be brought, i.e. the District of South Carolina.

The Court is thus urged to dismiss the Defendant from this action not only on the ground that the Court lacks jurisdiction over the person of Defendant but also on the ground that venue in this Court is improper.

III.    **Because Mary Nell Degenhart Is Not Subject To Personal Jurisdiction, Service Of Process Is Insufficient And This Defendant Should Be Dismissed Under Fed. R. Civ. P. 12(b)(5).**

Plaintiff presumably bases service of process on Defendant in South Carolina on the service provision of the Georgia long-arm statute, O.C.G.A. §9-10-94. Because the long-arm statute does not apply, service pursuant to the statute is insufficient. See O.C.G.A.§ 9-10-94 (providing for service under that section only when "[a] person [is] subject to the jurisdiction

---

[2] In *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366-68 (11th Cir. 2003), the court reviewed 28 U.S.C.§1391(a)(2) and stressed that "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Id.* The court examined and approved the Eighth Circuit's opinion in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995), citing that case for the conclusion that "the statute protects defendants, and Congress therefore "meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Id.* In sum, the court explained, only those acts and omissions that have a close nexus to the wrong are relevant to the analysis.

9

of the courts of the state under Code Section 9-10-91").

Moreover, service is insufficient under the Federal Rules of Civil Procedure because this Defendant is not subject to personal jurisdiction in this Court. The only basis in this case for extra-territorial service would be Fed. R. Civ. P. 4(k)(1)(A). Under that rule, however, service does not bring the defendant before the court unless the defendant "is subject to the jurisdiction of a court of general jurisdiction in a state where the district court is located." As shown above, Defendant is not subject to personal jurisdiction in the courts of Georgia and Rule 4(k)(1)(A) cannot be used to perfect service.

## IV.    If The Court Finds That Venue Is Proper, The Court Should Transfer This Case To The District Of South Carolina.

Even where venue is proper, "[f]or convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28.U.S.C. § 1404(a). This *"forum non conveniens clause"* is intended to give district courts discretion in determining whether transfer from an otherwise appropriate venue is proper based on "' an individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting Van *Dusen v. Barrack,* 376 U.S. 612, 622 (1964)).

The Eleventh Circuit has identified nine factors relevant to analyzing a motion to transfer venue under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the

10

interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Some courts, including the Southern District of Georgia, have broken the Manuel

Criteria down into "public interest" and "private interest" factors. See *Eagle North America, Inc.

v. Tronox, LLC*, 2008 WL 1891475 (S.D. Ga 2008) (Edenfield, J.). "The private factors (relative

ease and access to sources of proof, availability of compulsory process to secure the attendance

of witnesses, etc.) for the most part repeat the *Manuel* factors but in other form," while "[t]he

public interest factors somewhat duplicate the *Manuel* Factors, but [with] some additions:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in
> having localized interests decided at home; (3) the familiarity of the forum with the
> law that will govern the case; and (4) the avoidance of unnecessary problems of
> conflict of laws or in the application of foreign law.

No one of these factors can be said to be of dispositive weight." *Id.*

Although normally "[t]he plaintiffs choice of forum should not be disturbed unless it is

clearly outweighed by other considerations," *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253,

260 (11th Cir. 1996), this Court recently discussed an important exception:

> The Court acknowledges the baseline from which other courts proceed – that unless the
> balance of the factors is strongly in favor of the defendant, the plaintiff's choice of forum
> should rarely be disturbed. However, a plaintiff's forum choice is a factor that has
> minimal value, or should be given less consideration where none of the conduct
> complained of occurred in the forum selected by the plaintiff, or where the forum chosen
> has otherwise had no connection with the matter in controversy, or where the plaintiff,
> seeking a declaratory judgment, "outraced" the defendant to the courthouse.

*Eagle North America, Inc. v. Tronox, LLC*, 2008 WL 1891475, at *4-5 (S.D. Ga. 2008)

(Edenfield, J.) (quotations, citations, and alterations omitted).

In *Eagle North America*, plaintiff Eagle was a South Carolina corporation with its

principal place of business within the Southern District of Georgia. *Id*. At *3. Tronox, a

11

pigment manufacturer, contracted with Eagle to dredge out settled residual solids from two of

Tronox's Mississippi collection ponds. Id. Eagle claimed that Tronox failed to control pond

surface water levels (which it had pledged to do), and, as a result, prevented Eagle from receiving

the optimal amount of compensation under the contract." Eagle terminated the contract and sued

Tronox in the Southern District of Georgia. *Id.*

Tronox moved to transfer venue to the Northern District of Mississippi, showing that

Eagle had negotiated and entered into the contract in Mississippi, agreed to have the contract

governed by Mississippi law, moved key personnel to Mississippi, and spent more than a year

performing the dredging operation in Mississippi. Tronox also noted that the ponds at issue and

non-party witnesses would be located in Mississippi, and that the Southern District of Georgia

had no connection with the operative facts at issue or any interest in the litigation. In response,

Eagle urged that a transfer would be inconvenient (both physically and financially) to it, and that

a transfer was unnecessary. Despite Eagle's additional argument that the witnesses and the

ponds in Mississippi would likely bear no significance to "this, a garden-variety, contract-breach

case," the court granted the motion to transfer, explaining that

> the decision here must go to Tronox because, the contract's alleged breach occurred in
> Mississippi; it is undisputed that the pond-level actions causing Eagle's alleged damages
> unfolded there; none of the operative facts occurred in this forum; local residents here would be
> summoned to judge something that happened several states away; it seems reasonably likely that
> some locally hired labor witnesses must testify in support of the pone-level-control issue that
> forms the centerpiece of Eagle's case; and this forum has no particular local interest in the
> outcome of this case.

*Id* at *5.

The factors identified by the Eleventh Circuit in Manuel v. Convergys Corp. weigh

heavily in favor of transferring this case to the District of South Carolina.

12

(1) The District of South Carolina would be more convenient for every potential witness in this case other than possibly the plaintiff himself and his accountant. Those witnesses include current and former lawyers and employees of The Degenhart Law Firm in Columbia, South Carolina, current and former employees of Congaree State Bank in Columbia, South Carolina, and other South Carolina witnesses. Plaintiff himself is no stranger to the State of South Carolina. Plaintiff attended the University of South Carolina, Medical College of Charleston, owns property in South Carolina, has a son who attends college in South Carolina, has two brothers, four sisters, parents and another son who lived in South Carolina. [Defendant Aff. ¶ 10].

(2) The relevant documents in this action include the loan documents and internal documents relating to Congaree State Bank, a South Carolina limited liability company. Those documents are located and maintained in South Carolina, as are virtually all other documents relevant to this action. The other member of the borrower is a South Carolina resident.

(3) The convenience of the parties will be plainly furthered by transferring the case to South Carolina. All defendants, their employees and agents are located in South Carolina, and the only party with a presence in the State of Georgia is the plaintiff, who also has ties to South Carolina.

(4) The locus of operative facts is undisputedly in South Carolina. The loan transactions at issue took place there between a South Carolina bank and a South Carolina limited liability company.

(5) There is no process available to compel unwilling witnesses to travel from Columbia

13

to Savannah.  Columbia is located more than 100 miles from Savannah, a distance in excess of this Court's subpoena power.  See Fed. R. Civ. P. 45(b)(2)(B).

(6) The relative means of the parties is not an issue.  The Complaint reveals that Plaintiff is a medical doctor ("William Degenhart, M.D.").  This Defendant respectfully submits that Plaintiff has the financial means to pursue this litigation in South Carolina, and invites Plaintiff to introduce evidence to the contrary if he believes this is an issue.

(7) The federal courts of South Carolina will be familiar with the South Carolina law governing this action.  Because all of the operative events—such as the closings – occurred in South Carolina, that state's laws apply.[3]

(8) As Judge Edenfield noted in *Eagle North America, Inc. v. Tronox, LLC*, supra, "a plaintiff's forum choice is a factor that has minimal value.  Or should be given less consideration… where none of the conduct complained of occurred in the forum selected by [the plaintiff], or where the forum chosen has otherwise had no connection with the matter in controversy, or where the plaintiff, seeking a declaratory judgment, 'outraced' the defendant to the courthouse."  2008 WL 1891475 at *5 (quoting Annot., 1 A.L.R. Fed. 15§ 5 [a](emphasis by the court).

The factors identified by Judge Edenfield fit the facts of this case squarely.  None of the conduct complained of occurred in Georgia.  The State of Georgia has had no connection

---

[3] A federal court sitting in diversity applies the substantive laws of the forum state, including the state's choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); O"Neal v. Kennamer, 958 F.2d 1044 (11th Cir. 1992). In tort cases, Georgia follows the traditional lex loci delicti rule: a tort action is governed by the laws of the state in which the tort occurred. Federal Ins. Co. v. National Distrib. Co., 203 Ga. App 763 (1992). Because the alleged tort occurred in South Carolina, the laws of South Carolina will determine the substantive rights of the parties in this case. Davis v. City of August, 942 F. Supp 577, 579 (S.D. Ga 1996). The loan documents attached to the Complaint both provide that South Carolina law governs them. [Doc. #1, Exh. E, at

with the matter in controversy, and the claims against Congaree Sate Bank for reasons substantially the same as those set forth in this Motion.

(9) The trial efficiency and interests of justice will not be better served by this case being in Georgia rather than South Carolina. The State of Georgia has no interest in this matter arising out of loans that took place in South Carolina between a South Carolina limited liability company and a South Carolina bank. Nor is there anything about the case to suggest that trial efficiency or the interest of justice would be better served by having the case in Savannah.

## V.    Conclusion

The Court is urged to dismiss Mary Nell Degenhart on grounds of lack of Jurisdiction, improper venue and insufficiency of service of process. If the Court finds jurisdiction and venue to be proper, the Court is urged to transfer this action to the District of South Carolina.

Mary Nell Degenhart
213 Park St.
Columbia, SC  29201
803-771-6050

Exhibit A, Exhibit B, Exhibit C thereto]

15

## EXHIBIT A

### IN THE SUPERIOR COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

WILLIAM DEGENHART, M.D.,

    Plaintiff,

-vs-

CONGAREE STATE BANK, THE
DEGENHART LAW FIRM,
PAUL DEGENHART and MARY NELL
DEGENHART,

    Defendants.

Civil Action No.

CN101962FR

### COMPLAINT FOR DAMAGES AND
### PETITION FOR DECLARATORY JUDGMENT

COMES NOW, WILLIAM DEGENHART, M.D., by and through his counsel, and states the following as his complaint:

### PARTIES, JURISDICTION, AND VENUE

1. William Degenhart, M.D. is a resident of Savannah, Chatham County, Georgia.

2. Upon information and belief, Defendant Congaree State Bank is a South Carolina State Bank headquartered in West Columbia, South Carolina, with its principal place of business located at 3618 Sunset Boulevard, West Columbia, South Carolina, 29171. Congaree State Bank may be served with process by personally serving its registered agent, F. Harvin Ray, Jr., at 3618 Sunset Boulevard, West Columbia, South Carolina, 29171.

3. On information and belief, Defendant The Degenhart Law Firm, P.A., is a professional association organized and existing under the laws of the State of South Carolina, with its

principal place of business located at 2131 Park Street,
Columbia, South Carolina, 29201.  This Defendant may be served
with process by and through its registered agent, Mary Nell
Degenhart, at 2131 Park Street, Columbia, South Carolina, 29201.

4.  Defendant Paul Degenhart is an attorney licensed to
practice law in the states of Georgia, Nebraska, and South
Carolina.  Upon information and belief, Paul Degenhart is a
citizen of the state of South Carolina.

5.  Defendant Mary Nell Degenhart is an attorney
licensed to practice law in South Carolina.  Upon information and
belief, Mary Nell Degenhart is a citizen of the state of South
Carolina.

6.  Defendants have committed tortious acts, some
within this state, which have caused injury to the Plaintiff.
Jurisdiction and venue are proper in this Court.

<u>FACTUAL ALLEGATIONS</u>

7.  MND Properties, LLC, is identified as the borrower
on certain loan documents between it and Defendant Congaree State
Bank.

8.  Upon information and belief, Defendant Mary Nell
Degenhart and Defendant Paul Degenhart are principals of MND
Properties, LLC.

9.    Upon information and belief, Defendant Mary Nell Degenhart and Defendant Paul Degenhart are each principals in Defendant The Degenhart Law Firm.

10.    Over the past several months, Plaintiff has learned that his name, or representation of his signature, had been improperly affixed upon certain loan documents, including promissory notes and debt deeds, which purportedly secure the loan made by Defendant Congaree State Bank to MND Properties, LLC.  The documents to which the Plaintiff's name has been improperly applied include the following:

a.    Promissory Note, dated July 1, 2008, between MND Properties, LLC and Congaree State Bank, in the principal amount of $500,000.00, attached hereto as Exhibit A;

b.    Promissory Note, dated August 22, 2008, between MND Properties, LLC and Congaree State Bank, in the principal amount of $700,000.00, attached hereto as Exhibit B;

c.    Real Estate Mortgage, dated July 1, 2008, with MND Properties, LLC as the Mortgagor and Defendant Congaree State Bank as the Lender, pledging certain units with the Arborwood Horizontal Property Regime as security for the $500,000.00 Promissory Note described in Paragraph 10(a), above (a copy of this instrument is

-3-

attached hereto as Exhibit C).  The purported
signatories to this Mortgage are the Plaintiff and
Defendant Mary Nell Degenhart;

       d.  Second Real Estate Mortgage, dated July
1, 2008, with MND Properties, LLC as the Mortgagor and
Defendant Congaree State Bank as the Lender, pledging
certain units with the Arborwood Horizontal Property
Regime as security for the $500,000.00 Promissory Note
described in Paragraph 10(a), above (a copy of this
instrument is attached hereto as Exhibit D).  The
purported signatories to this Mortgage are Plaintiff
and Defendant Paul Degenhart;

       e.  Real Estate Mortgage, dated August 22,
2008, with MND Properties, LLC as the Mortgagor and
Defendant Congaree State Bank as the Lender, pledging
certain units with the Creekside Horizontal Property
Regime as security for the $700,000.00 Promissory Note
described in Paragraph 10(b), above (a copy of this
instrument is attached hereto as Exhibit E).  The
purported signatories to this document are Plaintiff
and Defendant Mary Nell Degenhart.

       f.  Second Real Estate Mortgage, dated August
22, 2008, with MND Properties, LLC as the Mortgagor and
Defendant Congaree State Bank as the Lender, pledging

-4-

certain units with the Creekside Horizontal Property Regime as security for the $700,000.00 Promissory Note described in Paragraph 10(b), above (a copy of this instrument is attached hereto as Exhibit F). The purported signatories to this document are Plaintiff and Defendant Paul Degenhart.

g.  Real Estate Mortgage, dated August 22, 2008, with MND Properties, LLC as the Mortgagor and Defendant Congaree State Bank as the Lender, pledging property located at 304 Vermont Drive, Gaffney, South Carolina, as security for the $700,000.00 Promissory Note described in Paragraph 10(b), above (a copy of this instrument is attached hereto as Exhibit G). The purported signatories to this document are Plaintiff and Defendant Mary Nell Degenhart.

h.  Real Estate Mortgage, dated August 22, 2008, with MND Properties, LLC as the Mortgagor and Defendant Congaree State Bank as the Lender, pledging four properties located in Columbia, South Carolina, as security for the the $700,000.00 Promissory Note described in Paragraph 10(b), above (a copy of this instrument is attached hereto as Exhibit H). The purported signatories to this document are Plaintiff and Defendant Mary Nell Degenhart.

-5-

   i. Real Estate Mortgage, dated August 22, 2008, with MND Properties, LLC as the Mortgagor and Defendant Congaree State Bank as the Lender, pledging property located at 321 Eastwood Circle, Orangeburg, South Carolina, as security for the the $700,000.00 Promissory Note described in Paragraph 10(b), above (a copy of this instrument is attached hereto as Exhibit I).  The purported signatories to this document are Plaintiff and Defendant Mary Nell Degenhart.

   j. Unlimited Guaranty, dated July 1, 2008, purportedly executed by Plaintiff in favor of Defendant Congaree State Bank, to guaranty all debts of MND Properties, LLC to Defendant Congaree State Bank.  (A copy of this document is attached hereto as Exhibit J.)

   k. Unlimited Guaranty, dated August 22, 2008, purportedly executed by Plaintiff in favor of Defendant Congaree State Bank, to guaranty all debts of MND Properties, LLC to Defendant Congaree State Bank. (A copy of this document is attached hereto as Exhibit K.)

  11. Plaintiff did not sign any of these documents, nor did he authorize the execution of any of the documents identified in paragraph 10 of the Complaint.

-6-

12.   On information and belief, each of these loan transactions were closed by Defendant The Degenhart Law Firm. Allowing presentation of these documents to Congaree State Bank as valid, binding, and duly executed documents was absolutely improper.

13.   On learning of the fact that his name had been improperly affixed upon the documents identified in Paragraph 10 of this Complaint, Plaintiff informed Defendant Congaree State Bank of the improper use of his signature.

14.   Despite being informed that the documents purportedly obligating Plaintiff to Defendant Congaree State Bank, said Bank continues to insist that said documents are valid and biding, and has improperly presented claims under these documents against Plaintiff.

15.   On information and belief, Congaree State Bank failed to follow both its own guidelines and industry regulations designed to prevent improper use of signatures in bank documents, and to protect individuals such as Plaintiff from being falsely and unjustly bound to the debt obligations of others.  These failures include, but are not limited to,

(a)   allowing a principal in the borrower to close the loan;

(b)   allowing its own employee to sign the documents as witnesses for the Bank, giving the

-7-

appearance that Dr. William Degenhart had, in fact,

signed the document;

    (c)  by failing to assure proper corporate

resolutions were in place to allow the loan

transactions described in the documents attached hereto

to go forward.

Failure of Defendant Plantation Federal Bank to follow these

obligations has allowed Defendants Paul Degenhart, Mary Nell

Degenhart, and The Degenhart Law Firm to cause the harm to

Plaintiff as alleged herein.

**CAUSES OF ACTION**

**COUNT I - BREACH OF DUTY**

    16.  The Plaintiff reincorporates Paragraphs 1 through

15 as if realleged herein.

    17.  Defendants Paul Degenhart and Mary Nell Degenhart

and attorneys licensed to practice law.  Through their law firm,

Defendant The Degenhart Law Firm, LLC, these Defendants offer and

provide legal services to the public.

    18.  In his dealings with Defendants Paul Degenhart,

Mary Nell Degenhart, and/or The Degenhart Law Firm, Plaintiff

expected, and was in fact owed, the benefit of the professional

judgment, knowledge, and skill possessed by individuals

authorized to practice law.

-8-

19. Defendants Paul Degenhart, Mary Nell Degenhart, and/or The Degenhart Law Firm, failed to provide the Plaintiff with the benefit of their professional skill and judgment by allowing false and/or improperly utilized signatures to be affixed to documents executed to allow Defendant Congaree State Bank to extend financing to MND Properties, LLC. Pursuant to O.C.G.A. § 9-11-9.1, attached as Exhibit "L" is the Affidavit of Kenneth Futch, an attorney licensed to practice law, which sets forth at least one (1) negligent act against the Defendants the Degenhart Law firm, Paul Degenhart, and Mary Nell Degenhart, as required by O.C.G.A. § 9-11-9.1.)

20. Defendant Congaree State Bank breached the standard of care applicable to the banking industry through accepting loan documents as valid and binding without taking independent action to verify the validity of the signatures thereto.

21. The combined negligent acts of the Defendants have improperly led Congaree State Bank to attempt to enforce the debt obligations of MND Properties, LLC against Plaintiff.

### COUNT II - CLAIM FOR DECLARATORY JUDGMENT

22. The Plaintiff reincorporates Paragraphs 1 through 15 as if realleged herein.

23. Plaintiff never signed any of the documents attached hereto as Exhibits A through K.

-9-

24.   Plaintiff never authorized any individual or entity to affix or reproduce his signature on any of the documents attached hereto as Exhibits A through K.

25.   Therefore, the Plaintiff is not bound to any of the financial obligations referenced or described in the documents attached hereto as Exhibit A through K.

26.   Defendant Congaree State Bank has initiated efforts to enforce the financial obligations purportedly undertaken by Plaintiff, under its position that his signature properly appears on these documents.

27.   A justiciable controversy therefore exists between Defendant Congaree State Bank and Plaintiff.  Plaintiff is in need of a declaration of his rights, i.e., that he not be held legally or equitably accountable for the debts of MND Properties, LLC.

28.   Pursuant to this Court's equitable powers, Plaintiff requests this Court declare as to him that the legal documents attached as Exhibits A through K are unenforceable as to Plaintiff.

WHEREFORE, Plaintiff prays:

(a)   process issue and Defendants be required to answer this lawsuit;

(b)   that this Court enter an order declaring Plaintiff has no legal obligation to Congaree State

-10-

Bank, and that the documents attached hereto as
Exhibits A through K are null and void as they pertain
to Plaintiff;

(c)   that Plaintiff have judgment against
Defendants in an amount proved at trial; and

(d)   for such other just and equitable relief as
may be deemed proper and necessary.

THIS THE _____27TH_____ DAY OF __DECEMBER__ , 2010.

SAVAGE, TURNER, KRAEUTER, PINCKNEY,
BRITT & MADISON

BY: _____ .
      Brent J. Savage
      Georgia Bar No. 627450

304 East Bay Street
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

-11-

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| William Degenhart, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-CV-00013 |
| | ) | |
| Congaree State Bank, The Degenhart | ) | |
| Law Firm, Paul Degenhart | ) | |
| and MaryNell Degenhart, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF MARY NELL DEGENHART

Personally before the undersigned officer, who is duly authorized to administer oaths,

appeared Mary Nell Degenhart who, upon being duly sworn, deposes and says as follows:

1.  I am Mary Nell Degenhart, and I am a resident of the County of Richland and the State of South Carolina.

2.  I am a South Carolina licensed attorney.

3.  I was the sole member of Degenhart Law Firm, P.A..

4.  Mary Nell Degenhart has not closed any loans in the State of Georgia.

5.  Mary Nell Degenhart has never been engaged to perform legal services for the Plaintiff.

6.  Mary Nell Degenhart has received no revenue for services provided in the State of Georgia.

7.  Mary Nell Degenhart owns no property in the State of Georgia.

1

8.    Mary Nell Degenhart has conducted no business in the State of Georgia.

9.    Mary Nell Degenhart has only been present in the State of Georgia once for a
social visit during the last four (4) years.

10.   Plaintiff is very familiar with South Carolina. Plaintiff attended the University of
South Carolina, Medical College of Charleston, owns property in South Carolina,
has a son who attends college in South Carolina, has two brothers, four sisters and
parents who live in South Carolina, and another son who lived in Columbia,
South Carolina and has visited South Carolina regularly.

FURTHER AFFIANT SAYETH NOT.

Mary Nell Degenhart, Defendant, Pro Se
2131 Park Street
Columbia, SC 29201
803-771-6050

Sworn to and Subscribed before me
Donna Glenn Insley Notary Public in
and for the State of South Carolina
this 27 day of October, 2011

My commission expires
1/3/2017

2

EXHIBIT C

William J. Degenhart, M.D.                        September 21, 2011

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION


WILLIAM DEGENHART, M.D.,          )
                                  )
              Plaintiff,          )
                                  )   CASE FILE NO.:
        vs.                       )
                                  )   4:11-CV-00013-WTM-GRS
CONGAREE STATE BANK, THE          )
DEGENHART LAW FIRM, PAUL          )
DEGENHART and MARY NELL           )
DEGENHART,                        )
                                  )
              Defendants.         )


DEPOSITION OF

WILLIAM J. DEGENHART, M.D.


September 21, 2011

2:14 p.m.


Savage, Turner, Kraeuter, Pinckney & Madison
304 East Bay Street
Savannah, Georgia


Lisa J. Schoch, Certified Court Reporter, B-1761



ESQUIRE
an Alexander Gallo Company

Toll Free: 877.495.0777
Facsimile: 404.495.0766

311 B West York Street
Savannah, GA 31401
www.esquiresolutions.com

William J. Degenhart, M.D.                    September 21, 2011

123

1              THE WITNESS:  Paul represented me on
2         transactions before, yes.  At one time he wrote
3         my will.
4         Q.    (By Mr. Kennedy) All right.  My original
5    question was:  With respect to the loans made by
6    Congaree State Bank to MND Properties, L.L.C., did
7    you consider yourself a client of the law firm?
8              MR. SAVAGE:  No.
9              THE WITNESS:  Calls for a legal opinion
10        that I don't think I can give.
11        Q.    (By Mr. Kennedy) All right.  You're an
12   ophthalmologist, correct?
13        A.    I am.
14        Q.    Can a patient be your patient without
15   thinking they're your patient, without consenting to
16   your treatment, absent emergency circumstances?
17             MR. SAVAGE:  Jake, we'll stipulate that he
18        was not a client -- he did not consider himself
19        to be a client of the Degenhart Law Firm for the
20        closings that he didn't know about, the MND
21        closings.
22        Q.    (By Mr. Kennedy) Very good.
23             I do want to follow up on --
24   Dr. Degenhart, in a couple of depositions now or your
25   two depositions, and, of course, your lawyer,



Toll Free: 877.495.0777
Facsimile: 404.495.0766

ESQUIRE
an Alexander Gallo Company

311 B West York Street
Savannah, GA 31401
www.esquiresolutions.com

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing Motion for Summary Judgment on all parties in this case in accordance with the directions from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Brent J. Savage
Savage, Turner, Kraeuter, Pinckney, Britt & Maddison
P.O. Box 10600
Savannah, GA 31412

Taylor T. Daly, Esq.
Nelson Mullins Riley & Scarborough, LLP
Atlantic Station/ 201 17th Street, NW/ Suite 1700
Atlanta, GA 30363

Jacob Kennedy
Turner Padget Graham & Laney
1831 West Evans Street
Florence, SC 29201

Paul Degenhart
2131 Park Street
Columbia, SC 29201

This __28__ day of October, 2011.

Mary Nell Degenhart, Pro Se
2131 Park Street
Columbia, SC 29201
(803)771-6050