IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| CONGAREE STATE BANK, THE ) | NO. 4:11-CV-00013 |
| DEGENHART LAW FIRM, PAUL ) | |
| DEGENHART and MARY NELL ) | |
| DEGENHART, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT CONGAREE STATE BANK'S STATEMENT OF MATERIAL FACTS FOR WHICH THERE EXISTS NO MATERIAL ISSUE TO BE TRIED

AND NOW, comes Defendant Congaree State Bank ("CSB"), by and through counsel, and submits this Statement of Material Facts for Which There Exists No Material Issue to Be Tried in Support of its Motion for Summary Judgment on all the Plaintiff's claims. Pursuant to Local Rule 56.1, CSB submits that the following material facts are undisputed:

1. The two brothers, Plaintiff William Degenhart and Defendant Paul Degenhart (hereinafter "Paul") have been involved in business ventures since the 1990s. (See Pltfs' Ans. To CSB First Set of Interrogatories, attached as Exh. C; ¶5; Paul_0064-Paul_0078.)

2. These business ventures generally involved the purchase of real estate which was subsequently sold for a profit or retained by the brothers to earn income as rental property. (William Degenhart Dep. (9/21/11) at 14:7-15:7.)

3.  In 2005, an earlier partnership owned by the brothers was converted into a limited liability company titled MND Properties, LLC. (Paul Degenhart Dep. at: 44:9-45:20.)

4.  Plaintiff and Paul's wife, Mary Nell Degenhart ("Mary Nell"), were named the sole members of MND Properties. (Paul Degenhart Dep. at: 44:9-45:20.)

5.  In April 2008, Paul sent a fax to Plaintiff outlining the costs of the Arborwood units and potential profit to be made from the deal. (PLTS_01730 to _01734.)

6.  CSB contacted the Plaintiff about the loan to MND Properties in May 2008. (Cong-00951, 956-957.)

7.  In May 2008, Plaintiff faxed CSB his personal financial statement and had his accountant email CSB a copy of his tax returns. (Cong. 00635-636, 959, 1049, 1119.)

8.  When questioned about his 2008 contacts with CSB, Plaintiff testified that he did not remember talking to any loan officer or other employee at CSB. He also did not recall providing his financial information to CSB. (W. Degenhart Dep. (8/21/11) at 41:25-42:9, 42:14-43:16, 45:19-47:2.)

9.  The Degenhart Law Firm closed the loans that are the subject of Plaintiff's Complaint. (Cong-00557-558, 725-728.)

10. Plaintiff testified that he believed that Paul was "doing the paperwork" for the closings at issue. (W. Degenhart Dep. (8/21/11) at 86:22-87:7.)

11. Plaintiff testified that he believed that he had an ownership interest in MND Properties at the time he made payments to CSB in 2010. (W. Degenhart Dep. (8/5/11) at 121:12-23.)

12. Paul signed Plaintiff's name to the closing documents. (P. Degenhart Dep. at 81:16-25, 87:8-88:22.)

13. No one from CSB had any reason to know that Paul was signing the Plaintiff's name to the loan documents. (P. Degenhart Dep. at 79:15-22, 83:8-25, 93:15-21, 94:13-23.)

14. Roberta Boseman (now Sklodoski), a former employee of The Degenhart Law Firm, who signed as a witness and also notarized the loan documents, testified that she did not tell anyone from CSB that Paul was signing the Plaintiff's name to the loan documents. (Roberta Sklodoski Dep. at 10:17-11:18, 14:4-11, 23:16-22.)

15. Mary Nell Degenhart was not the title insurer and closing attorney. Gail Moore was listed as the closing attorney/settlement agent and Paul signed Gail Moore's names to the closing documents. (P. Degenhart Dep. at 72:16-74:10.)

16. Plaintiff received K-1s that listed him as a partner in MND Properties. (W. Degenhart Dep. (8/21/11) at 7:20-8:2, 22:20-23:4.)

17. Plaintiff claimed the losses from MND Properties on his tax returns for years. (W. Degenhart Dep. (8/5/11) at 56:15-19, 62:20-63:7 )

18. In May 2010, CSB contacted Plaintiff about the past due payments on the MND loans. (Jim Poston Dep. at 7:14-9:2.)

19. In May 2010, Plaintiff wired $21,000 to CSB to bring the MND loans current. (Cong-00812-813.)

20. Plaintiff testified that the payments on the MND loans were made because he believed that he was "on the notes" and because he wanted to help his brother. (W. Degenhart (8/5/11) at 121:12-23.)

21. Plaintiff was not aware of the personal guarantees at issue when he made the loan payments. (W. Degenhart (8/21/11) at 79:22-80:5).

22. Plaintiff paid $120,000 toward real estate investments he had with his brother, but only $27,000 was related to the CSB loans. (PLTS_01728, W. Degenhart Dep. (8/5/11) at 121:12-24, 131:19-132:1.)

23. Plaintiff sent his son Jay Degenhart to assist with the management of the properties owned by MND Properties, including the properties financed by CSB. (P. Degenhart Dep. at 98:12-99:4, 106:13-107:11; JAY_DEG_0001, 0004-0005.)

24. In May 2010, Plaintiff began communicating directly with CSB about loan payments, late fees, and the possibility of Plaintiff and his son taking over the loans for the Arborwood project. (PLTS_00515-519, 521, 525.)

25. In June 2010 Plaintiff sent an email to Jim Poston stating that he was not sure if he had seen the original notes on the MND properties and requested a copy of the original notes with a current balance. (PLTS_00516). Nowhere in this communication did Plaintiff inform CSB that he did not sign the notes or guarantees. (Id.)

26. In July 2010, Paul informed Plaintiff that Plaintiff was a guarantor on the loans at issue. Plaintiff did not contest this status to Paul. ( PLTS_0520.)

27. In early 2010, Plaintiff and his son opened a bank account for MND and Plaintiff instructed Paul and Mary Nell that only Plaintiff's son Jay was to collect any monies for or pay any monies out from MND. (P. Degenhart Dep. at 98:12-99:4, 106:14-107:11.)

28. Plaintiff did not inform CSB that he did not sign the guarantees at issue until October 2010. (Cong.-00932.)

29. Plaintiff refused to sign an affidavit of forgery when requested by CSB. (Jim Poston Dep. at 17:2-10, 41:18-23.)

30. CSB has never sought to enforce the personal guarantees or reported adverse information about Plaintiff to any credit bureau. (Charles Kirby Dep. at 22:17-19.)

31. Plaintiff has not identified an expert witness to testify concerning the scope of CSB's alleged duties to Plaintiff or the manner in which CSB allegedly deviated from its alleged duties. (See Pltfs' Ans. To CSB First Set of Interrogatories, No. 2.)

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: s/James T. Irvin, III
 Taylor Tapley Daly
 Georgia Bar No. 697887
 Attorney for Congaree State Bank
 NELSON MULLINS RILEY &
 SCARBOROUGH LLP
 Atlantic Station / 201 17th Street, NW / Suite 1700
 Atlanta, GA  30363
 (404) 322-6000
 E-Mail: taylor.daly@nelsonmullins.com

 James T. Irvin, III
 Federal Bar No. 6252
 Jim.irvin@nelsonmullins.com
 1320 Main Street / 17th Floor
 Post Office Box 11070 (29211)
 Columbia, SC  29201
 (803) 799-2000

6