IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: 4:11-CV-00013 |
| | ) |
| -vs- | ) |
| | ) |
| CONGAREE STATE BANK, | ) |
| THE DEGENHART LAW FIRM, | ) |
| PAUL DEGENHART and | ) |
| MARY NELL DEGENHART, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT PAUL DEGENHART'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO TRANSFER**

COMES NOW, William Degenhart, M.D., Plaintiff in the above-styled action, and files this, his Response to Defendant Paul Degenhart's Motion to Dismiss and, in the Alternative, to Transfer, showing the Court as follows:

**I.     INTRODUCTION**

Plaintiff William Degenhart, M.D., a citizen of Georgia, filed this action in the Superior Court of Chatham County, Georgia seeking damages and declaratory relief. In his Complaint, Dr. Degenhart asserts that his signature was forged to certain documents related to loan transactions between Defendant Congaree State Bank ("CSB") and a company called MND Properties, LLC. Plaintiff further alleges that Defendant Degenhart Law Firm, of which Defendant Paul Degengart is a principal, closed the loan(s) in question with knowledge of the forgeries. Plaintiff's claim against Defendant Paul Degenhart is founded, in part, on professional

negligence.

This action was removed to this Court on January 28, 2011.  (Doc. No. 1).  Defendant Paul Degenhart has now moved to dismiss this case or, in the alternative, to transfer this case to South Carolina.  As discussed below, the Defendant's motion should be DENIED.

II.     **ARGUMENT AND CITATION OF AUTHORITY**

   **A. The Georgia Long-Arm Statute and Constitutional Due Process**

Plaintiff is asserting jurisdiction over Defendant Paul Degenhart pursuant to Georgia's Long-Arm Statute, O.C.G.A. § 9-10-91, which provides, in pertinent part:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
>   (1)   Transacts any business within this state. . .;
>
>   (3)   Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

The Georgia long-arm statute extends as far as federal due process allows.  Clarkson Power Flow, Inc. v. Thompson, 244 Ga. 300 (1979); Coe & Payne Company v. Wood-Mosiac Corp., 230 Ga. 58 (1973).  A single act can be enough for minimum contacts.  Freeman v. Motor Convoy, Inc., 409 F. Supp. 1100, 1104 (N.D. Ga. 1975)

The Eleventh Circuit has defined a clear standard by which to decide the issue of personal jurisdiction on a motion to dismiss.  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 255 (1996).  This standard requires a plaintiff to establish a "prima facie" case of personal

jurisdiction.  Such a showing is made

> if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.  Finally, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff.

Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

The allegations set forth in the Complaint in this action, originally filed in Superior Court of Chatham County, establish that Defendant Paul Degenhart has knowingly participated in closing involving documents that bear the false signature of Plaintiff, who was known to be a resident of the state of Georgia.  This conduct is sufficient to authorize a Georgia Court to exercise personal jurisdiction over Defendant Paul Degenhart.  Such a finding is clearly authorized by a decision of the Georgia Court of Appeals, First Nat'l Bank of Ames, Iowa v. Innovative Clinical & Consulting Servs., 280 Ga. App. 337 (2006).

In Ames, the plaintiff, a Georgia limited liability company, brought suit against an Iowa bank.[1]  In evaluating the existence of personal jurisdiction under O.C.G.A. § 9-10-91(1), the

---

[1] The Ames dispute brought forth two opinions.  The facts of the case are discussed in First National Bank of Ames, Iowa v. Innovative Clinical and Consulting Services, LLC, 266 Ga. App. 842 (2004).  This case will be referred to as "Ames I."  In this opinion, the appellate court determined that the Georgia Court could not exercise personal jurisdiction over an Iowa bank, where the only contacts between the defendant and the Georgia Plaintiff were "mail and phone" contacts.  Ames I, 266 Ga. at 847.  In so ruling, the Georgia Court of Appeals noted that it was required to follow existing precedent, but voiced concerns that the existing precedent did not meet the "intended and declared of policy" of the Georgia Long Arm Statute of allowing this State to exercise "jurisdiction over nonresidents to the full extent permitted by due process." Ames I, 266 Ga. App. at 847.

Ames I was reviewed by the Georgia Supreme Court, who determined that the Court of Appeals had did not fully considered "whether the trial court had personal jurisdiction over the Iowa bank under OCGA § 9-10-91 (1)," and that it improperly limited its review. Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank, 279 Ga. 672, 676 (Ga. 2005) (hereinafter

"transacting business" prong of the Long Arm Statute, the Court of Appeals concluded that even though the Iowa Bank "did not have a physical presence in this state, it is undisputed that the bank had both telephone and written communication with [plaintiff] with regard to the Iowa Bank Accounts." Ames III, 280 Ga. App. at 338. The Court further reasoned:

> Without question, those bank accounts were a part of the bank's "business." In the course of that business, when the bank's customer, Med e Fund, failed to make payments on the lease agreement, the bank sought to hold ICCS, a Georgia entity with no connection to Iowa, responsible. Even if the bank did not "regularly" conduct business or engage in a "persistent course of conduct" in Georgia, OCGA § 9-10-91 (3), no doubt exists that the bank sought to derive economic benefit from its interstate business activity involving ICCS. To that end, its postal, telephone, and other intangible Georgia contacts suffice to bring it within the purview of OCGA § 9-10-91 (1).

Ames III, 280 Ga. App. at 338.

The Ames III Court further concluded that the exercise of jurisdiction did not offend the constitutional standards for minimum contacts. The bank's business was not brought to the State of Georgia through the "unilateral" action of the plaintiff. Instead, the Iowa bank "sought out the plaintiff" when its original customer defaulted. Id. at 90. The Court noted that "Georgia has an interest, as does every state, in providing its own citizens with a convenient forum for redressing injuries wrought by non-residents who have sought the state's citizens out for the purpose of business gains." Id. at 337.

In the present case, Dr. Degenhart did not initiate the transactions at issue, and indeed did not even desire to enter in to such transactions. Instead, he was unwittingly and unknowingly

---

Ames II). The case was remanded to the Court of Appeals for further review.

On remand, the Court of Appeals concluded that a Georgia Court could properly exercise personal jurisidiction over the Iowa defendant bank. First Nat'l Bank of Ames, Iowa v. Innovative Clinical & Consulting Servs., 280 Ga. App. 337 (2006) (hereinafter "Ames III.")

4

drawn into a financial arrangement ostensibly obligating him to CSB by the actions of the Defendants, including Paul Degenhart. In his affidavit submitted in support of his Motion to Dismiss, Paul Degenhart acknowledges that he communicated with the Plaintiff in the state of Georgia via telephone and email. Under Ames III, this conduct, as alleged in the complaint, is sufficient to confer personal jurisdiction over this Defendant.

For the same reasons, personal jurisdiction over Defendant Paul Degenhart comports with the constitutional requirement of due process.

> The due process prerequisites to the exercise of specific jurisdiction over a defendant are less restrictive than the requirements for general jurisdiction. [Cit.] The minimum contacts test for specific jurisdiction has three elements. First, the defendant must have contacts related to or giving rise to the plaintiff's cause of action. Second, the defendant must, through those contacts, have purposefully availed itself of forum benefits. Third, the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there.

Fraser v. Smith, 594 F.3d 842, 850 (11th Cir. 2010). This Defendant has purposefully availed himself of conducting activities in Georgia by being involved in a loan transaction that he knew could lead to Plaintiff, a Georgia resident, being called upon to repay. Furthermore, the present lawsuit arises directly from alleged contact involving this Defendant and Dr. Degenhart, i.e. the promissory notes and guaranty at issue. Additionally, some of Plaintiff's property that this Defendant has pledged without authority to serve as collateral is located in Georgia.

### B. This Case should be Litigated in the State of Georgia

Defendant next argues that this case should be transferred to the United States District Court of South Carolina, primarily arguing that most of the witnesses and records are within that District. In so moving, this Defendant relies on 28 U.S.C. § 1404(a):

(a)     For the convenience of parties and witnesses, in the interest of justice, a

>district court may transfer any civil action to any other district or division where it might have been brought.

28 USCS § 1404(a). Resolution of this motion rests in the sound discretion of the trial court, and calls for evaluation of the relevant factors on an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Included in these case-specific factors are "the convenience of the parties, the convenience of the witnesses, and the interest of justice." Pergo, Inc. v. Shaw Indus., 2003 U.S. Dist. LEXIS 26577 (D. Ga. 2003) (citing Bell v. K-Mart Corp., 848 F. Supp. 996 (N.D. Ga. 1994)).

It is Defendant Paul Degenhart, as the moving party, that bears the burden of demonstrating that the balance of Section 1404(a) interests weighs strongly in favor of the proposed transfer. Peridyne Technologly Solutions, LLC. v. Matheson Fast Freight, Inc., 117 F. Supp. 2d 1366, 1373 (N.D. Ga. 2000). Several of the considerations used to determine the appropriate venue weigh in Plaintiff's favor.

### 1. Plaintiff's Choice of Forum is Entitled to Deference.

"The federal courts traditionally have accorded a plaintiff's choice of forum considerable deference." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); see also Robinson v. Giarmaco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) ("The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations.").

Dr. Degenhart does not dispute that he could have brought this case in South Carolina: his "choice of forum" was to bring this action in a state other than South Carolina. It is not surprising that Dr. Degenhart would look to a court other than Defendants' "home state" for

adjudication of his claims. This factor weighs against transfer of the case.

### 2. The Convenience of the Parties and Witnesses

"Section 1404 (a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." Van Dusen v. Barrack, 376 U.S. 612, 645-646 (1964). In other words, the court should not simply shift the convenience from one party to another, but should affirmatively find that the South Carolina venue is, in reality, more convenient to the parties and witnesses. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). Convenience of the parties is not established by the mere number of witnesses. Dupre v. Spanier Marine Corp., 810 F. Supp. 823, 825 (D. Tex. 1993).

The convenience of the parties weighs in favor of keeping this case in Georgia. Because party witnesses include "the parties themselves and those closely aligned with a party," they are presumed to be more willing to testify in a different forum. Ramsey v. Fox News Network, 323 F. Supp. 2d. 1352, 1356 (N.D. Ga. 2004) (quoting Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co., 844 F. Supp. 1163, 1166 (S.D. Tex. 1994)). Although some individual defendants and perhaps some employees or agents of the company defendants may reside in South Carolina, other witnesses, such as Plaintiff William Degenhart, William Jerald "Jay" Degenhart, and Gary Friend reside in Georgia.

### 3. The Location of Relevant Documents and Ease of Access to Sources of Proof.

In support of his Motion to Transfer, the Defendant contends that "virtually all . . . documents relevant to this action" are "located and maintained in South Carolina." However, while the majority of these documents may have originally been prepared and executed in South

Carolina, all documents relevant to this action are believed to have been produced in the course of discovery and are therefore equally accessible to all parties regardless of whether the action is litigated in Georgia or in South Carolina. Thus, the location of relevant documents and ease of access to sources of proof cannot support a transfer of this action. Polyform A.G.P., Inc. v. Airlite Plastics Co., 2010 U.S. Dist. LEXIS 109962 at *13 (D. Ga. 2010) (physical location of relevant documents does not support transfer when most documents have been collected and produced between the parties).

### 4. The Interests of Justice Favor Litigating the Action in the Southern District of Georgia

In evaluating whether the interests of justice weigh in favor of keeping the case in this forum, the Court is to be guided by "considerations of cost, judicial economy, expeditious discovery, and trial process." Peridyne Technology Solutions, LLC. v. Matheson Fast Freight, Inc., 117 F. Supp. 2d. 1366, 1374-1375 (N.D. Ga. 2000). In addition to the present action, Dr. Degenhart has filed another action concerning substantially similar facts and claims which has also been removed to this Court.[2] Consolidation of both cases in this Court promotes efficiency and judicial economy. Additionally, transfer of this action to South Carolina creates the risk of inconsistent outcomes.

## III. CONCLUSION

For the reasons set forth above, Defendant Paul Degenhart's Motion to Dismiss and, in the Alternative, to Transfer should be DENIED.

---

[2] Degenhart, M.D. v. Arthur State Bank, et al; 4:11-cv-00041-WTM-GRS (filed 02/17/11)

This 17th day of November, 2011.

        /s/ Karl C. Zipperer
Brent J. Savage
Georgia Bar No. 627450
Karl C. Zipperer
Georgia Bar No. 940487

SAVAGE, TURNER, KRAEUTER,
PINCKNEY & MADISON
304 East Bay St.
Post Office Box 10600
Savannah, Georgia 31412
(912) 231-1140

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case with a copy of the **PLAINTIFF'S RESPONSE TO DEFENDANT PAUL DEGENHART'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, TO TRANSFER** in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

| | |
|---|---|
| James T. Irvin, III<br>Nelson, Mullins, Riley & Scarborough, LLP<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201<br>Represents Congaree State Bank | Joseph Jakob Kennedy<br>P.O. Box 5478<br>Florence, South Carolina 29502<br>Represents The Degenhart Law Firm |
| Mary Nell Degenhart<br>2131 Park Street<br>Columbia, South Carolina 29201<br>Pro Se<br>(Being sent in the mail) | Paul Degenhart<br>2131 Park Street<br>Columbia, South Carolina 29201<br>Pro Se<br>(Being sent in the mail) |

This 17th day of November, 2011.

        /s/ Karl C. Zipperer
        Brent J. Savage
        Georgia Bar No. 627450
        Karl C. Zipperer
        Georgia Bar No. 940487
        Attorneys for Plaintiff

SAVAGE, TURNER, KRAEUTER,
PINCKNEY & MADISON
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140