# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM DEGENHART, MD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: 4:11 CV013 |
| | ) | |
| CONGAREE STATE BANK, THE DEGENHART LAW FIRM, PAUL DEGENHART, and MARY NELL DEGENHART, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | **)** | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS TO WHICH THE DEGENHART LAW FIRM CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED

COMES NOW, **William Degenhart, M.D**, Plaintiff in the above-styled action, and files this, his Response to Defendant's Statement of Material Facts to Which The Degenhart Law Firm Contends There is No Genuine Issue to be Tried, showing the Court. In that regard, Plaintiff objects to each and every item set forth in Defendant the Degenhart Law Firm's Statement of Material Facts to the extent that supporting citations to the record have not been included as required by S.D. Ga. L.R. 56.1. Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

1.  Plaintiff is a Georgia citizen residing in Savannah, Georgia.

    **RESPONSE:** Admitted.

2.  Defendant Paul Degenhart is Plaintiff's brother, is a South Carolina citizen, and resides in Columbia, South Carolina.

**RESPONSE:** Admitted.

3. Defendant Mary Nell Degenhart is Plaintiff's sister-in-law, is a South Carolina citizen, and resides in Columbia, South Carolina.

    **RESPONSE:** Admitted.

4. Defendant Paul Degenhart is married to Defendant Mary Nell Degenhart.

    **RESPONSE:** Admitted.

5. MND Properties, LLC is a limited Liability company organized under South Carolina law.

    **RESPONSE:** Admitted.

6. Mary Nell Degenhart is a member of MND Properties, LLC, and claims Plaintiff is the other member of MND Properties, LLC..

    **RESPONSE:** Admitted.

7. Plaintiff disputes he had knowledge he was and/or was considered a co-member of MND Properties.

    **RESPONSE:** Admitted.

8. MND Properties, LLC borrowed purchase money from Defendant Congaree State Bank, a South Carolina bank on several occasions related to real properties all located in South Carolina.

    **RESPONSE:** Plaintiff objects to the above statement on the grounds that it is vague and ambiguous and does not constitute a short and concise statement of a material fact as required by S.D. Ga. L.R. 56.1. Subject to and without waiving the foregoing, Plaintiff admits that MND Properties, LLC borrowed money from Defendant Congaree State Bank on more than one occasion.

9.  In order to obtain bank loans, the members of MND Properties, LLC were required to personally guarantee the loans.

    **RESPONSE:** Plaintiff lacks sufficient information to either admit or deny the above statement, and therefore the same is denied.

10. Defendant Many Nell Degenhart personally guaranteed the loans from Congaree State Bank to MND Properties, LLC.

    **RESPONSE:** Admitted.

11. Defendant Paul Degenhart claims he had a course of dealing with Plaintiff in several real estate business ventures over a substantial period of time, talked with his brother frequently about business ventures, and, in particular, had permission to sign Plaintiffs name to the personal guarantees necessary to obtain the subject loans from Congaree State Bank.

    **RESPONSE:** Plaintiff admits only that Defendant Paul Degenhart has made the claims described above. Plaintiff expressly denies the substance of such claims.

12. Plaintiff, on the other hand, contends he did not sign the personal guarantees (as well as other transaction documents) and did not authorize his brother or anyone to sign his name.

    **RESPONSE:** Admitted.

13. Plaintiff's sole legal cause of action against the Law Firm is styled "breach of duty" and he alleges this defendant owed him "the benefit of the professional judgment, knowledge, and skill possessed by individuals authorized to practice law," (Dkt. 1-5: Compl. ¶ 18), and "failed to provide the Plaintiff with the benefit of their professional skill and judgment by allowing false and/or improperly utilized signatures to be affixed to

documents [.]" (Dkt. 1-5: Compl. ¶ 19).

**RESPONSE:** Denied.

14. Plaintiff testified: "[w]ith respect to these loans, I did not consider myself a client of the Degenhart Law Firm." (Exhibit A: p 179, 1. 15-20).

**RESPONSE:** Admitted.

15. This case was removed to this Court from the Superior Court of Chatham County on grounds of diversity of citizenship.

**RESPONSE:** Admitted.

16. In a diversity action, a federal district court must apply the choice of law rules of the forum state. <u>Klaxon Co. V. Stentor Elec. Mfg. Co.</u>, 313 U.S. 487, 497, (1941).

**RESPONSE:** Admitted.

17. Georgia is the current form state and Georgia's choice of law rules govern this diversity action.

**RESPONSE:** Admitted.

18. Plaintiff has pleaded a tort cause of action against the Law Firm.

**RESPONSE:** Admitted.

19. Georgia courts apply the lex loci delicti rule which provides that a tort action is governed by the substantive law of the state where the tort was committed. <u>Farm Credit of Northwest Fla. V. Easom Peanut Co.</u>, 2011 Ga. App. LEXIS 817 (Ga. Ct. App. Sept. 14, 2011)(citing <u>Dowis v. Mud Slingers</u>, 279 Ga. 808, 809 (621 SE2d 413)(2005).

**RESPONSE:** Admitted.

20. The pleaded tort occurred, if at all, in South Carolina and the substantive laws of South Carolina apply.

**RESPONSE:** Plaintiff admits that the loan documents contained his forged signatures were made and executed in South Carolina, but denies that each and every act and omission at issue in this case occurred in South Carolina.

21. Under South Carolina substantive law, a cause of action for legal malpractice requires the existence of an attorney-client relationship. <u>Argoe v. Three Rivers Behavioral Health LLC</u>, 697 S.E.2d 511 (S.C. 2011).

**RESPONSE:** Plaintiff objects to the above statement on the ground that it constitutes a conclusion of law, not a statement of material fact as required by S.D. Ga. L.R. 56.1. Subject to and without waiving the foregoing, the above statement is denied as cast.

22. Under South Carolina substantive law, and attorney may be held liable for breaching some independent duty owed to a non-client but the action is not one for legal malpractice. <u>Stiles v. Onorato</u>, 457 S.E.2d 601 (S.C. 1995); <u>Douglass v. Boyce</u>, 542 S.E.2d 715, 717 (S.C. 2001).

**RESPONSE:** Plaintiff objects to the above statement on the ground that it constitutes a conclusion of law, not a statement of material fact as required by S.D. Ga. L.R. 56.1. Subject to and without waiving the foregoing, the above statement is denied as cast.

23. Plaintiff William Degenhart testified he did not consider himself a client of the Law Firm for purposes of these loans and, at the time of the alleged tort, was completely unaware of the transaction. Therefore, Plaintiff, with a favorable view toward his testimony, never sought legal advice or assistance from the Law Firm and never paid the Law Firm any fee for legal services related to the subject transactions.

**RESPONSE:** Denied as cast. Plaintiff admits only that he gave the testimony referenced above.

24. Plaintiff pleaded no legal cause of action against the Law Firm other than legal malpractice.

    **RESPONSE:** Denied.

25. Plaintiff did not plead other, potentially colorable causes of action arising from his relationship with his brother and/or his relationship with his sister-in-law as a co-member of MND Properties, LLC..

    **RESPONSE:** Denied.

    Respectfully submitted this 21st day of November, 2011.

    /s/ Karl C. Zipperer
Brent J. Savage
Georgia Bar No. 627450
Karl C. Zipperer
Georgia Bar No. 940487

SAVAGE, TURNER, KRAEUTER,
PINCKNEY& MADISON
304 East Bay Street
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case with a copy of the **PLAINTIFF'S RESPONSE TO THE STATEMENT OF MATERIAL FACTS TO WHICH DEFENDANT THE DEGENHART LAW FIRM CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED** in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

| | |
|---|---|
| James T. Irvin, III<br>Nelson, Mullins, Riley & Scarborough, LLP<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201 | Joseph Jakob Kennedy<br>P.O. Box 5478<br>Florence, South Carolina 29502 |
| Mary Nell Degenhart<br>2131 Park Street<br>Columbia, South Carolina 29201<br>Pro Se<br>(Via U.S. mail) | Paul Degenhart<br>2131 Park Street<br>Columbia, South Carolina 29201<br>Pro Se<br>(Via U.S. mail) |

This 28th day of November, 2011.

/s/ Karl C. Zipperer
Brent J. Savage
Georgia Bar No. 627450
Karl C. Zipperer
Georgia Bar No. 940487
Attorneys for Plaintiff

SAVAGE, TURNER, KRAEUTER,
PINCKNEY & MADISON
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140