IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| William Degenhart, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 4:11-CV-013-WTM-GRS |
| ) | |
| Congaree State Bank, ) | |
| The Degenhart Law Firm, ) | |
| Paul Degenhart and ) | |
| Mary Nell Degenhart, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT MARY NELL DEGENHART'S REPLY TO PLAINTIFF'S RESPONSE OPPOSING DEFENDANT MARY NELL DEGENHART'S MOTION FOR SUMMARY JUDGMENT

Defendant Mary Nell Degenhart files this Reply to the plaintiff's Response opposing summary judgment for this defendant. (Dkt 57.)

A.  Legal Malpractice

The plaintiff responds that the existence of an attorney-client relationship necessary to sustain his cause of action for legal malpractice is in dispute because he and his brother, Paul Degenhart, gave conflicting testimony about whether Paul Degenhart had permission to sign the plaintiff's name to certain loan documents. (Dkt 57 at p. 3.) During his deposition on a companion case William Degenhart, M.D. v. Arthur State Bank et. al., the plaintiff was directly asked:(Dkt. 65-2, p. 46 of Case No. 4:11-CV-00041-WTM-GRS).

1

> Q.    ... Dr. Degenhart, with regard to the loan transactions that are the subject of this lawsuit, did you consider yourself a client of the Degenhart Law Firm?
>
> A.    With respect to these loans, I did not consider myself a client of the Degenhart Law Firm.

In this case Plaintiff's counsel stipulated: "...we'll stipulate that [Plaintiff] was not a client – he did not consider himself to be a client of the Degenhart Law Firm for the closings that he didn't know about, the MND closings." (See Dkt. 51-4, p. 31.) Under South Carolina substantive law, a plaintiff cannot establish an attorney-client relationship where the plaintiff alleges he did not engage the lawyer(s) to perform legal services and did not consent to (or even know about) the placement of his signature on certain loan documents. United States District Judge Cameron M. Currie of the United States District Court for the District of South Carolina summarized South Carolina substantive law concerning the creation of an attorney-client relationship as follows:

> Under South Carolina law the attorney-client relationship is created when the attorney undertakes to perform a particular legal service for the client. 1 S.C. Jur. Attorney and Client § 18. "A person attains the status of a 'client' when that person seeks legal advice by communicating in confidence with an attorney for the purpose of obtaining such advice. The legal advice or assistance must be sought from the attorney with a view to employing him professionally, whether or not actual employment results." In re Broome, 356 S.C. 302, 589 S.E.2d 188, 195-96 (S.C. 2003) (citing Marshall v. Marshall, 282 S.C. 534, 320 S.E.2d 44, 47 (S.C. Ct. App. 1984) (internal citation omitted)). The attorney-client relationship cannot be assumed because it is created by the consent of the parties. 1 S.C. Jur. Attorney and Client § 18. "[T]he attorney [cannot] create the relationship without the client's consent." Id.
>
> * * *
>
> South Carolina law requires that both parties to an attorney-client relationship intend to provide and receive legal advice. Without that mutual intention there cannot be a valid attorney-client relationship.

2

*Bradford & Bradford, P.A. v. Attys. Liab. Prot. Soc'y, Inc.*, 2010 U.S. Dist. LEXIS 111923 at *13 – 15 (D.S.C. Oct. 20, 2010)(emphasis supplied). The plaintiff has failed to provide any evidence sufficient to establish an attorney-client relationship between himself and any defendant. Without the existence of an attorney-client relationship, his legal malpractice cause of action fails as a matter of law.

    B.    Civil Conspiracy

           1)    The defendants did not receive fair notice of any cause of action for civil conspiracy.

The plaintiff next argues his pleadings provide "fair notice" that he is also advancing a cause of action for civil conspiracy. In support, the plaintiff cites a 2001 case from the Southern District of Iowa, *Doe v. Baxter Healthcare Corp.*, 178 F.Supp.2d 1003, decided under the overruled pleading standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). Plaintiff argues that pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Plaintiff is only required to give "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the... claim is and the grounds upon which it rests". *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). One problem with this analysis is that *Twombly* only related to federal antitrust actions. The Court went further in *Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1953, 173 L.Ed 868 (2009) holding that the "Plausibility" standard applies to "all civil actions". Under, *Iqbal*, plausibility means that allegations in a complaint must "allo[w] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,"

3

*Iqbal*, 129 S.C. at 1949, which means that a plaintiff must include some allegations about each element, or at least allegations from which a court can draw a reasonable inference about each of the elements. *Twombly*, 550 U.S. at 562. "[A] complaint... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory". (Quoting *Car Carriers*, 745 F.2d at 1106). In sum, *Iqbal* and *Twombly* established two new principles of pleading in all cases: (1) "fair notice" alone will not suffice; a complaint must be plausible as well; and (2) a court may not accept "conclusory" allegations as true. *Brooks v. Ross*, 578 F.3d 574, 580 – 581 (7th Cir. 2009). Under *Iqbal* complaints "must provide notice," cannot be "implausible" and cannot rely on "abstract recitations of the elements of a cause of action or conclusory legal statements").

Plaintiff now contends that his "Breach of Duty" claim was not determinative of the causes of action before the Court and he claims that his complaint also states a cause of action for civil conspiracy. Plaintiff and his pleadings, however, lack the elements necessary to sustain this cause of action under either the pre or post *Twombly* standards. "Because [the third party plaintiff]... merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional acts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action."; *Doe v. Erskine Coll.*, No. 8:04 – 23001 RBH, 2006 WL1473853, at *17 (D.S.C. May 25, 2006) (granting defendant's motion for summary judgment on plaintiff's civil conspiracy action because "the complaint does not plead specific facts in furtherance of the conspiracy; instead the Complaint simply restates alleged wrongful acts pled in relation to the plaintiff's other claims for damages.")

4

>    2)   Even if the plaintiff has pleaded a cause of action for civil conspiracy, that cause of action also fails as a matter of law.

This case is at the summary judgment stage. The plaintiff's Response concentrates on arguing he alleged a civil conspiracy cause of action but falls far short of setting forth any evidence sufficient to prove the legal elements of civil conspiracy. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)("there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial). Under South Carolina law, the tort of civil conspiracy has three elements: (1) a combination of two or more persons; (2) for the purpose of injuring the plaintiff; (3) which causes the plaintiff special damages. Pye v. Estate of Fox, 633 S.E.2d 505 (S.C. 2006).

First, there is no evidence this defendant conspired with Congaree State Bank and, of course, the law firm cannot conspire with the individual defendants who were its agents. McMillan v. Oconee Mem'l Hosp., Inc., 626 S.E.2d 884, 887 (S.C. 2006)("it is well settled that a corporation cannot conspire with itself.") A civil conspiracy is a combination of two or more parties joined for the purpose of injuring the plaintiff and thereby causing special damage." In this case no evidence has been presented of any agreement between Defendant Congaree State Bank and Defendant Mary Nell Degenhart.

Second, the "essential consideration" in civil conspiracy "is not whether lawful or unlawful acts or means are employed to further the conspiracy, but whether the primary purpose or object of the combination is to injure the plaintiff." Lee v. Chesterfield General Hosp., Inc., 289 S.C. 6, 13, 344 S.E.2d 379, 383 (Ct. App. 1986)(emphasis

5

supplied); *Sizemore v. Georgia-Pacific Corp.*, 1996 U.S. Dist. LEXIS 22401, 1996 WL 498410 (D.S.C. 1996)(civil conspiracy requires a specific intent to injure the plaintiff); *Waldrep Brothers Beauty Supply, Inc. v. Wynn Beauty Supply Co., Inc.*, 992 F.2d 59, 63 (4th Cir.1993) (applying South Carolina law)(some evidence that the alleged conspirators "acted with malice towards" the plaintiff is required). There is no evidence supporting an agreement among the defendants to injure the plaintiff. In fact, the only reasonable inference is that Paul and Mary Nell Degenhart sought to profit the plaintiff (as well as themselves) through real estate investments purchased with the loan proceeds. Third, the damages alleged in a civil conspiracy action must go beyond the damages alleged in other causes of action which is not the case here. *Pye v. Estate of Fox*, 633 S.E.2d 505 (S.C. 2006); *Harris v. Sand Canyon Corp.*, 2010 U.S. Dist. LEXIS 74228 at *22 (D.S.C. July 22, 2010).("A civil conspiracy is a combination of two or more parties joined for the purpose of injuring the plaintiff and thereby causing special damage.") (Citation omitted). It is essential that the plaintiff prove all of these elements in order to recover. <u>Lyon v. Sinclair Refining Co.</u>, 189 S.C. 136, 200 S.E. 78 (1938). Clearly that has not occurred.

## CONCLUSION

The plaintiff has failed to set forth sufficient evidence of the existence of an attorney-client relationship and his legal malpractice cause of action must fail as a matter of South Carolina substantive law. In addition, the plaintiff did not provide fair notice of any civil conspiracy cause of action and, in any event, has failed to proffer evidence material to the elements necessary to advance a civil conspiracy claim. For

the foregoing reasons, Mary Nell Degenhart's motion for summary judgment should be granted.

Respectfully submitted this 1st day of December, 2011.

*/s/ Mary Nell Degenhart*
Mary Nell Degenhart
2131 Park St.
Columbia, SC 29201
803-771-6050

CERTIFICATE OF SERVICE

    I hereby certify that I have this day served the within and foregoing Reply to Plaintiff's Response to Defendant MaryNell Degenhart's Motion for Summary Judgment to all parties in this case in accordance with the directions from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

Brent J. Savage
Savage, Turner, Kraeuter, Pinckney, Britt & Maddison
P.O. Box 10600
Savannah, GA 31412

James T. Irvin, III
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29201

J. Jacob Kennedy
PO Box 5478
Florence, SC 29502

Mary Nell Degenhart
2131 Park Street
Columbia, SC 29201

This 1st day of December, 2011.

MaryNell Degenhart, Pro Se
2131 Park Street
Columbia, SC 29201
(803)771-6050