IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIAM DEGENHART, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO: 4:11-CV-00013 |
| | ) | |
| -vs- | ) | |
| | ) | |
| CONGAREE STATE BANK, | ) | |
| THE DEGENHART LAW FIRM, | ) | |
| PAUL DEGENHART and | ) | |
| MARY NELL DEGENHART, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**PLAINTIFF'S RESPONSE TO DEFENDANT CONGAREE STATE BANK'S STATEMENT OF MATERIAL FACTS FOR WHICH THERE EXISTS NO MATERIAL ISSUE TO BE TRIED**

COMES NOW William Degenhart, M.D., Plaintiff in the above-styled action, and hereby responds to Defendant Congaree State Bank's Statement of Material Facts for Which There Exists No Material Issue to Be Tried as follows:

1. The two brothers, Plaintiff William Degenhart and Defendant Paul Degenhart (hereinafter "Paul") have been involved in business ventures since the 1990s.

    **RESPONSE:** Admitted.

2. These business ventures generally involved the purchase of real estate which was subsequently sold for a profit or retained by the brothers to earn income as rental property.

    **RESPONSE:** Admitted.

3. In 2005, an earlier partnership owned by the brothers was converted into a limited

liability company titled MND Properties, LLC.

**RESPONSE:** Denied as cast. MND Properties, LLC, was a separate company with a number of significant distinctions as compared to the Degenharts' earlier partnership.

4. Plaintiff and Paul's wife, Mary Nell Degenhart ("Mary Nell"), were named the sole members of MND Properties.

   **RESPONSE:** Admitted.

5. In April 2008, Paul sent a fax to Plaintiff outlining the costs of the Arborwood units and potential profit to be made from the deal.

   **RESPONSE:** Plaintiff admits that Paul sent a fax in April of 2008 relating to the potential purchase of the Arborwood property, although Plaintiff denies that the documentation provided by Paul accurately described the costs and potential profits of the proposed deal. Plaintiff answers further that Paul never provided him with complete documentation of the terms of the proposed purchase of the Arborwood property of the associated loan transactions.

6. CSB contacted the Plaintiff about the loan to MND Properties in May 2008.

   **RESPONSE:** Denied.

7. In May 2008, Plaintiff faxed CSB his personal financial statement and had his accountant email CSB a copy of his tax returns.

   **RESPONSE:** Admitted.

8. When questioned about his 2008 contacts with CSB, Plaintiff testified that he did not remember talking to any loan officer or other employee at CSB. He also did not recall providing his financial information to CSB.

   **RESPONSE:** Admitted.

9. The Degenhart Law Firm closed the loans that are the subject of Plaintiff's Complaint.

**RESPONSE:** Admitted.

10. Plaintiff testified that he believed that Paul was "doing the paperwork" for the closings at issue.

    **RESPONSE:** Admitted.

11. Plaintiff testified that he believed he had an ownership interest in MND Properties at the time he made payments to CSB in 2010.

    **RESPONSE:** Admitted.

12. Paul signed Plaintiff's name to the closing documents.

    **RESPONSE:** Admitted.

13. No one from CSB had any reason to know that Paul was signing the Plaintiff's name to the loan documents.

    **RESPONSE:** Denied. Paul Degenhart's testifimony that he did not notify CSB that he was signing the Plaintiff's name does not establish that CSB had no reason to know that the signatures were not genuine. In fact, CSB would have determined that the signatures were not genuine if it had contacted Dr. Degenhart or provided him a copy of the documents purporting the bear his signature.

14. Robert Boseman (now Sklodoski), a former employee of The Degenhart Law Firm, who signed as a witness and also notarized the loan documents, testified that she did not tell anyone from CSB that Paul was signing the Plaintiff's name to the loan documents.

    **RESPONSE:** Admitted.

15. Mary Nell Degenhart was not the title insurer and closing attorney. Gail Moore was listed as the closing attorney/settlement agent and Paul signed Gail Moore's names to the closing documents.

**RESPONSE:** Plaintiff admits that Paul Degenhart signed Gail Moore's name to the closing documents listing Ms. Moore as the closing attorney. Plaintiff lacks sufficient information to admit or deny that Mary Nell Degenhart was not the title insurer and/or closing attorney for any of the transactions at issue, and therefore the same is denied.

16. Plaintiff received K-1s that listed him as a partner in MND Properties.

    **RESPONSE:** Admitted.

17. Plaintiff claimed the losses from MND Properties on his tax returns for years.

    **RESPONSE:** Denied as cast.  Plaintiff did not personally prepare his tax returns for any of the years at issue, and his only knowledge of the operations of MND Properties came from the profit and loss figures listed in the K-1's provided by Paul Degenhart. {40}

18. In May 2010, CSB contacted Plaintiff about the past due payments on the MND loans.

    **RESPONSE:** Admitted.

19. In May 2010, Plaintiff wired $21,000 to CSB to bring the MND loans current.

    **RESPONSE:** Admitted.

20. Plaintiff testified that the payments on the MND loans were made because he believed that he was "on the notes" and because he wanted to help his brother.

    **RESPONSE:** Admitted.

21. Plaintiff was not aware of the personal guarantees at issue when he made the loan payments.

    **RESPONSE:** Admitted.

22. Plaintiff paid $120,000 toward real estate investments he had with his brother, but only $27,000 was related to the CSB loans.

    **RESPONSE:** Denied.

23. Plaintiff sent his son Jay Degenhart to assist with the management of the properties owned by MND Properties, including the properties financed by CSB.

    **RESPONSE:** Admitted.

24. In May 2010, Plaintiff began communicating directly with CSB about loan payments, late fees, and the possibility of Plaintiff and his son taking over the loans for the Arborwood project.

    **RESPONSE:** Plaintiff admits that in or around May, 2010, he began inquiring with CSB as to the loans to MND Properties, and that he became aware of issues with loan payments and late fees around that time. Plaintiff denies that CSB engaged in meaningful communications with him regarding the MND loans in or around May of 2010.

25. In June 2010 Plaintiff sent an email to Jim Poston stating that he was not sure if he had seen the original notes on the MND properties and requested a copy of the original notes with a current balance. Nowhere in this communication did Plaintiff inform CSB that he did not sign the notes or guarantees.

    **RESPONSE:** Admitted. Plaintiff answers further that he had informed CSB that he had no signed the documents at issue either prior to the above-referenced email or shortly thereafter.

26. In July 2010, Paul informed Plaintiff that Plaintiff was a guarantor on the loans at issue. Plaintiff did not contest this status to Paul.

    **RESPONSE:** Plaintiff admits that he was informed by Paul Degenhart that Plaintiff was a guarantor on the loans at issue in or around July of 2010. Plaintiff denies that he did not contest this status to Paul.

27. In early 2010, Plaintiff and his son opened a bank account for MND and Plaintiff instructed Paul and Mary Nell that only Plaintiff's son Jay was to collect any monies for

or pay any monies out from MND.

**RESPONSE:** Plaintiff admits that he opened a bank account for use in the management of the Arborwood Properties and that he instructed Paul and Mary Nell Degenhart that they were not to collect or pay any moneys in this account, however Plaintiff denies that he opened this account "for MND".

28.   Plaintiff did not inform CSB that he did not sign the guarantees at issue until October 2010.

**RESPONSE:** Denied as cast.  Plaintiff informed CSB that he had not signed the notes no later than June, 2010; Plaintiff did not learn of the existence of the guarantees at issue until late September, 2010, and there could not have mentioned the guarantees specifically until that time.

29.   Plaintiff refused to sign an affidavit of forgery when request by CSB.

**RESPONSE:** Denied.

30.   CSB has never sought to enforce personal guarantees or reported adverse information about Plaintiff to any credit bureau.

**RESPONSE:** Plaintiff denies that CSB has never sought to enforce personal guarantees against him.  Plaintiff lacks sufficient information to admit or deny that CSB has never reported adverse information about Plaintiff to any credit bureau, and therefore the same is denied.

31.   Plaintiff has not identified an expert witness to testify concerning the scope of CSB's alleged duties to Plaintiff or the manner in which CSB allegedly deviated from its alleged duties.

**RESPONSE:** Admitted.

Respectfully submitted this 5TH day of December, 2011.

                     /s/ Karl C. Zipperer
                     Brent J. Savage
                     Georgia Bar No. 627450
                     Karl C. Zipperer
                     Georgia Bar No. 940487

SAVAGE, TURNER, KRAEUTER,
PINCKNEY& MADISON
304 East Bay Street
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case with a copy of the **PLAINTIFF'S RESPONSE TO STATEMENT OF MATERIAL FACTS TO WHICH THE DEGENHART LAW FIRM CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED** in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

| | |
|---|---|
| James T. Irvin, III<br>Nelson, Mullins, Riley & Scarborough, LLP<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201<br>Represents Congaree State Bank | Joseph Jakob Kennedy<br>P.O. Box 5478<br>Florence, South Carolina 29502<br>Represents The Degenhart Law Firm |
| Mary Nell Degenhart<br>2131 Park Street<br>Columbia, South Carolina 29201<br>Pro Se<br>(Being sent in the mail) | Paul Degenhart<br>2131 Park Street<br>Columbia, South Carolina 29201<br>Pro Se<br>(Being sent in the mail) |

This 5TH day of December, 2011.

                                                  /s/ Karl C. Zipperer
                                                Brent J. Savage
                                                Georgia Bar No. 627450
                                                Karl C. Zipperer
                                                Georgia Bar No. 940487
                                                Attorneys for Plaintiff

SAVAGE, TURNER, KRAEUTER,
PINCKNEY & MADISON
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140