IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM DEGENHART, M.D., )<br>)<br>Plaintiff, )<br>)<br>)<br>-vs- )<br>)<br>CONGAREE STATE BANK, )<br>THE DEGENHART LAW FIRM, )<br>PAUL DEGENHART and )<br>MARY NELL DEGENHART, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO: 4:11-CV-00013 |

_____

**PLAINTIFF'S SUR-REPLY TO DEFENDANT CONGAREE STATE BANK'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

COMES NOW William Degenhart, M.D., Plaintiff in the above-styled action, and files this, his Sur-Reply to Defendant Congaree State Bank's Motion for Summary Judgment, showing the Court as follows:

<u>The Controversy Between the Plaintiff and CSB</u>

In its Reply Brief in Support of its Motion for Summary Judgment, Defendant Congaree State Bank ("CSB") attempts to characterize the issues of the Plaintiff not having been informed of the terms of the loan transactions between CSB and MND Properties as being complaints against his brother, Paul Degenhart, for which CSB cannot be held liable.  (Doc. No. 76, p. 3). The Bank even goes so far as to contend that Paul Degenhart's actions in this case, including forging the Dr. Degenhart's signature on loan documents which purport to impose substantial personal liability on him for the CSB loans, were carried out in an attempt to bestow the benefit

of a profitable real estate venture upon the Plaintiff. (Doc. No. 76, p. 3).

These contentions, however, are contrary to the facts of this case, which show that it is CSB, not Paul Degenhart, which takes the position that the Plaintiff is personally liable to it for the loans to MND Properties. While CSB states that it has not, thus far, attempted to enforce the forged guarantees against Dr. Degenhart, the deposition testimony of Jim Poston, who stated that Congaree still considers the guarantees to be enforceable against Dr. Degenhart. (Poston Depo., p. 29, previously attached to the Plaintiff's Response to CSB's Motion as Exhibit "I"). The mere fact that these guarantees have not yet been enforced against the Plaintiff does not negate the existence of a controversy over their enforceability.

### The Plaintiff Never Ratified the Forged Signatures at Issue.

CSB also contends that the Plaintiff ratified the signatures forged by Paul Degenhart on the loan documents at issue. Under South Carolina law, ratification of an act performed by another without authorization requires the following three elements: (1) acceptance by the principal of the benefits of the agent's acts, (2) full knowledge of the facts, and (3) circumstances or an affirmative election indicating an intention to adopt the unauthorized arrangements. Lincoln v. Aetna Casualty and Ins. Co., 386 S.E.2d 801 (S.C. Ct. App. 1989). Because there is no evidence that the Plaintiff ever affirmatively adopted the unauthorized signatures, CSB claims that the circumstances of this case support a finding that Dr. Degenhart impliedly ratified his brother's actions of forging his signature on the loan documents at issue. In that regard, CSB claims that the Plaintiff ratified these signatures by claiming the assets, losses and profits of MND Properties on his tax returns, sending his son to assist with the management of the properties, and wiring funds to CSB to bring the note current. (Doc. No. 76, p. 13).

This attempt to show ratification by the Plaintiff fails principally for two reasons. First, none of the allegations by CSB establish that Dr. Degenhart accepted the "benefits" of Paul's acts of forging his signature on the CSB loan documents. The uncontradicted testimony of Dr. Degenhart establishes that he was not involved in the operation of the business of MND Properties and would not have known what portion, if any, of the assets, losses, and profits of MND would have been attributable to the properties financed through CSB. Indeed, CSB has not presented any evidence that the Plaintiff ever received, let alone accepted, any "benefits" from the agreements to which his signature was forged, and Dr. Degenhart testified that he was never paid even a single cent from these deals. (Degenhart, William Depo, p. 113, attached to the Plaintiff's Response to CSB's Motion as Exhibit "B").

Moreover, even if the Plaintiff had accepted some benefit from these transactions, the second requirement, i.e. that such acceptance be made with *full* knowledge of the relevant facts, cannot be satisfied. At the times that Dr. Degenhart allegedly accepted the benefits of the Defendants' actions, he had not been advised of the terms of the loan agreements at issue or notified that his brother had signed his name to documents purporting to render him personally liable for the amount of the loan. Id. at pp. 71, 87, 114-117, 120. And when the Plaintiff did become aware of the circumstances of the loan to MND Properties from CSB, he promptly disaffirmed the signatures and notified the Bank that they were not genuine. Id. at p. 81. Because Dr. Degenhart never accepted any benefits from the transactions at issue, did not have full knowledge of the facts, and never indicated an intention to adopt the unauthorized signatures, he cannot be said to have ratified the signatures appearing on the documents relating the loans from CSB.

Accordingly, Defendant Congaree State Bank's Motion for Summary Judgment should be DENIED.

Respectfully submitted this 5th day of January, 2012.

    /s/ Karl C. Zipperer
Brent J. Savage
Georgia Bar No. 627450
Karl C. Zipperer
Georgia Bar No. 940487

SAVAGE, TURNER, KRAEUTER,
PINCKNEY& MADISON
304 East Bay Street
P.O. Box 10600
Savannah, Georgia 31412
(912) 231-1140

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case with a copy of the **PLAINTIFF'S SUR-REPLY TO DEFENDANT CONGAREE STATE BANK'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT** in accordance with the directives from the Court Notice of Electronic Filing ("NEF") which was generated as a result of electronic filing.

James T. Irvin, III
Nelson, Mullins, Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Represents Congaree State Bank

Joseph Jakob Kennedy
P.O. Box 5478
Florence, South Carolina 29502
Represents The Degenhart Law Firm

Mary Nell Degenhart
2131 Park Street
Columbia, South Carolina 29201
Pro Se
(Being sent in the mail)

Paul Degenhart
2131 Park Street
Columbia, South Carolina 29201
Pro Se
(Being sent in the mail)

This 5th day of January, 2012.

/s/ Karl C. Zipperer
Brent J. Savage
Georgia Bar No. 627450
Karl C. Zipperer
Georgia Bar No. 940487
Attorneys for Plaintiff

SAVAGE, TURNER, KRAEUTER,
PINCKNEY & MADISON
Post Office Box 10600
Savannah, GA 31412
(912) 231-1140